TAPPAN and others *vs.* ELY.

An endorsement on the back of a promissory note, making its payment de-
pendent on a contingency, does not effect its *negotiability;* its only effect
is to give notice of the consideration to subsequent holders.

In a suit on such note by a subsequent holder, the *maker* may avail himself
of any defence which he could set up against the payee.

DEMURRER. The plaintiffs declared as the *endorsees* of two
promissory notes made by the defendant, dated 20th April,
1828, payable to W.W. Edwards & Co. or order, one in *six
months* and the other in *twelve months* after date. The defend-
ant pleaded that, at the *time of the making of the notes*, there

was a *condition* endorsed upon them to the effect, that they
were to be delivered to the payees by A. H. Ely, (a person
different from the *maker*, whose name is *Giles S. Ely*,)as *secu-
rity* for accepting for A. H. Ely to the amount of the notes;
and if A. H. Ely should well and truly pay the money arising
ing from certain funds to the discharge of the notes made by
the defendant, the notes to be void. The defendant then
avers, that before the commencement of this suit, A. H. Ely
*did pay and satisfy* to W. W. Edwards & Co. the amount for
which they had accepted for him ; and that the notes were
transferred to the plaintiff's long *after they became due*, to wit,
on the 1st October, 1829. · The plaintiff's *replied*, that A. H.
Ely did not pay and satisfy to W. W. Edwards & Co. the
amount for which they had accepted for him, *in modo et
forma*, &c. To this replication the defendant demurred.

*C. P. Kirkland*, for the defendant, insisted that, as the notes
were not payable at all events, but were dependent on a con-
tingency, they were not within the statute valid and nego-
tiable notes, and consequently that the plaintiff's were not
entitled to sustain this action.

*M. T. Reynolds*, contended that the negotiability of the
notes was not affected by the endorsement of the condition.
He cited 8 *Johns. R.* 485, 3 *Cowen*, 119.

*By the Court*, SAVAGE, Ch. J. The replication is clearly
good. It is true that in *England* an endorsement on the back
of a promissory note has been considered part of the note it-
self—that the note was conditional, and therefore not nego-
tiable under the statute, 4 *Campb.* 126 ; 4 *Barn. & Ald.* 25 ;
*Chitty on Bills*, 60 ; but in *Sanders & Ogden* v. *Bacon*, 8
*Johns. R.* 485, this court decided that the endorsement on the
back of the note was no part of the note ; that its only effect
was to show the consideration, and to operate as a notice to
any person who might purchase the note. If this court was
correct in saying that the endorsement is no part of the note
itself, then the demurrer cannot be sustained, for the note on
its face is perfect. No injury can accrue to the defendant, as

NEW-YORK,<br>May, 1836.<br><br>Tappan<br>v.<br>Ely.

he can make any defence which he could if the suit was brought in the name of the payees.

Judgment for plaintiff on demurrer; leave to rejoin on payment of costs.