GEORGE S. MAXWELL v. JOHN J. SPEED, JUDGE OF THE WAYNE CIRCUIT COURT.

*Foreign corporation—Liability to suit in Michigan—Agent—Service of process upon—Motion to quash, not the proper remedy—Question should be presented by general or special plea.*

A foreign corporation, having an agent served with process in Michigan, may be held for a cause of action arising in that state; and where service is had on such agent of a declaration, as commencement of suit, which does not negative the existence of such cause of action, the defense that it arose outside of this State should be presented by plea, and not by motion to quash, so as to allow a review on a writ of error.

Mandamus.   Submitted February 2, 1886.   Granted February 10, 1886.

Relator applied, by petition, for a writ of mandamus to compel the respondent to hold the service of a declaration valid, and vacate his order quashing such service and dismissing the suit commenced thereby, in the Wayne circuit court. The facts, as set up in the petition and not denied by respondent, are as follows:

The relator is a resident of Wayne county and had resided therein, continuously, for ten years prior to making the application. On or about August 23, 1884, he purchased from the Wabash, St. Louis & Pacific Railway Co.—a corporation, as he alleges, organized and doing business under the laws of Michigan, and having a portion of its railway, and its principal business office in the city of Detroit in said State, and being a common carrier, for hire, of passengers and freight, and at that time the duly authorized agent of the Atchison, Topeka & Santa Fe Railroad Co.—a through ticket for the transportation of himself on the lines of said railroads, to Denver, Colorado, and return to Detroit. Said ticket was purchased at Detroit, and was a continuous contract of said railway company's, as aforesaid. That the Wabash, St. Louis & Pacific Railway Company, in its special printed contract with relator for passage as aforesaid, agreed that it did act as such agent and was not responsible beyond its own line. Relator paid the full fare for said tickets and complied with all the conditions of the contract; while on his return trip, between the towns of Coolidge and Topeka, Kansas, and on the line and in the cars of said Atchison, Topeka & Santa Fe Ry. Co., his tickets for fare, on said return trip, were unlawfully refused by the conductor in charge of said train. On November 21, 1885, relator filed a declaration against said Atchison, Topeka & Santa Fe Railroad Co. in the Wayne circuit court, in an action of trespass on the case, which was served on G. E. Gilman, passenger agent of defendant, in the city of Detroit, where he had his office as such agent, and such proceedings were thereafter had as resulted in the entry and argument of a motion to quash such service and dismiss the suit, for want of jurisdiction, because:

1. The service was made on one Gilman, described as a passenger agent of the defendant.

2. The defendant is a foreign corporation and the cause of action did not accrue in Michigan.

3. No lawful service of said declaration has been had on the defendant, which motion was granted, and an order made by respondent accordingly, in which it was found that the cause of action did *not* arise in the State of Michigan.

The affidavit of service of the declaration, showed it to have been served on defendant " by delivering to George E. Gilman, passenger agent of said defendant, at Detroit, in said county of Wayne, a true copy, etc."

*Peter E. Park* and *Sylvester Larned*, for relator:

*Alfred Russell*, for respondent:

At common law, suit could be maintained against corporations only in the jurisdiction within which they were created, and in this country, a corporation of one state is exempted from liability to be sued in other states, although having a place of business therein, except by means of an attachment of its property: *Williston v. Mich. S. & N. I. R. R. Co.*, 13 Allen, 400; *Smith v. Mutual Life Ins. Co.*, 14 Allen, 336; *Blackstone Man. Co. v. Blackstone*, 13 Gray, 448; *Brewster v. Mich. Cent. R. R. Co.*, 5 How. Pr. 183; *Barnett v. Chicago & L. H. R. R. Co.*, 6 Thomp. & Cook, 358; *Semble*, 4 Hun 114; *Ogdensburg & F. C. R. Co. v. Vt. & C. R. Co.*, 6 Thomp. & Cook, 488–9 (note); Rorer on Inter-State Law, pp. 27–281, 278; *Andrews v. M. C. R. R.*, 99 Mass. 534; *Newell v. G. W. Ry. Co.*, 19 Mich. 336.

In reply, it is said, the contract for passage was made in Michigan, but the declaration does not so allege; besides the action sounds in tort, and were it not so, an action could not be maintained in the Michigan courts, against a Kansas corporation, merely on the ground that the latter had made a contract in Michigan (*R. R. Co. v. Harris*, 12 Wall. 65), does not apply. In the Federal courts, if the corporation is doing business in the state, and a summons has been duly served upon an officer, jurisdiction is maintained: *Hayden v. The Androscoggin Mills*, 1 Fed. Rep. 93; *Block v. A., T. & S. F. R. R.*, 21 Fed. Rep. 529; *Mer.-Manfg Co. v. G. T. R.*, 21 Blatch. 110; *Albright v. Empire Trans. Com-*

*pany*, 18 Albany L. J. 313; *Brownell v. T. & B. R. R. Co.*, 3 Fed. Rep. 761; and it would seem to be the doctrine of the federal courts that corporations may be "*found*" for service of process, wherever they are doing business, and appearance without process is held a waiver of the privilege to object to the jurisdiction.

In Michigan, the right to sue a foreign corporation is restricted to cases where the cause of action arises in this State: How. Stat. § 8145, p. 2019. Before, and aside from these acts, there was no jurisdiction over foreign corporations. The original act of 1846 (How. Stat. § 8137), providing for service on corporations in courts of law, applies only to *domestic* ones; and this Court says the Legislature has not authorized personal service in a jurisdiction where the corporation is not domiciled (*Watson v. Judge of Wayne Circuit Court*, 24 Mich. 38–9), determining what was left undecided in *Newell v. G. W. R.*, 19 Mich. 336, as to the act of 1846 not applying to foreign corporations: See also *St. Clair v. Cox*, 106 U. S. 350. I further claim that it would not be competent for the Legislature to authorize a personal action against a foreign corporation, unless the cause of action arose here: *Barnett v. Chicago &c. R. R. Co.*, 6 Thomp. & Cook, 358; *Semble*, 4 Hun 114. Our statutes, as to the venue of transitory actions against non-residents, apply only to natural persons: *Atkins v. Borstler*, 46 Mich. 552; *Talcott & Co. v. McCormick Co.*, 51 Mich. 5; aside from any statute, some authorities maintain, with good reason, the liability of a corporation to be sued within a foreign jurisdiction, *upon causes of action arising therein*: *Newby v. Van Oppen*, L. R. 7 Q. B. 293; *Nat. Condensed Milk Co. v. Brandenburgh*, 11 Vroom, 111; *Cumb. Coal Co. v. Sherman*, 8 Abbott Pr. 243; *Cumb. Coal Co. v. Hoffman Coal Co.*, 30 Barb. 159; *Mackereth v. G. & S. W. R.*, L. R. 8 Exch. 149; Angell & Ames on Corp. (11th ed.) 402–6. But if defendant was a domestic corporation, "a passenger agent" is not one of the persons enumerated in our statutes upon whom service can be had, nor does the affidavit of service set forth that Gilman is a passenger agent, transacting business here: How. Stat. § 8147; Session Laws of 1885, p. 285, act 207.

PER CURIAM. Inasmuch as, under the statute, a foreign corporation having an agent served here may be held for a cause of action arising here, and service was had on such an agent in this case, we do not think a motion to quash the

declaration was a proper remedy. The plaintiff is entitled to have such an issue fairly presented and passed upon under such general or other plea as defendant shall legally resort to. The declaration does not negative such a cause of action, as it is claimed by plaintiff; and, if there is such a defense, it must be disposed of so as to be open to review in the usual method at common law, by writ of error, based on the record or exceptions, if exceptions are settled so as to present it.

A mandamus must issue to set aside the order to quash, with costs of motion.