HERBERT L. BROWN *vs.* JOHN E. KELLOGG.

Worcester.    October 30, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Action, Survival.    Practice, Civil,* Appeal.    *Abatement.*

Under Pub. Sts. c. 165, § 12, when one of two defendants dies, the action survives against the surviving defendant although it is an action which does not survive against the representatives of the deceased defendant.

An appeal lies from an order of the Superior Court granting a motion to dismiss an action of libel against the survivor of two defendants on account of the death of the other.    And, *semble,* that if instead of a motion to dismiss there had been a plea in abatement an appeal still might lie to an order sustaining it, if the ground of the plea and of the action of the court upon it was that the plaintiff's cause of action was gone.

LIBEL against Charles C. Stratton and John E. Kellogg, copartners and publishers of the Fitchburg Daily Sentinel.    Writ dated June 22, 1900.

The case came up on appeal from an order of the Superior Court granting a motion to dismiss the action made by the defendant Kellogg on the ground that the defendant Stratton had died.

*J. E. McConnell*, for the plaintiff.

*S. L. Graves*, for the defendant.

HOLMES, C. J.    This is an action for libel.    Originally it was brought against two partners.    On November 13, 1900, after an answer to the merits, a paper was filed in the cause by Kellogg, one of the defendants, alleging the death of the other defendant and that therefore Kellogg ought not to be held to answer to the

writ, and concluding, "moves that said action be dismissed."
The paper was entitled "Defendant's Motion." The next day,
November 14, the plaintiff moved to amend on account of the
death, so that the action should be against Kellogg only, and
this motion was allowed on the same day. On November 15,
notwithstanding the amendment, the motion to dismiss was
allowed and the plaintiff appealed.

Probably the defendant's motion was based upon a misinter-
pretation of Pub. Sts. c. 165, § 12: "When there are several
plaintiffs or defendants in a personal action the cause of which
survives, and any of them die before final judgment, the action
shall proceed" etc. It seems to have been assumed that the
words "the cause of which survives" mean the cause of which
survives against the representatives of the deceased, and that
whenever this is not the case, then by the implication of the
statute the action is to abate. But the section is taken from
St. 8 & 9 Wm. III. c. 11, § 7. Rev. Sts. c. 93, § 12, commissioners'
note. The language of the English act is "if the cause of such
action shall survive to the surviving plaintiff or plaintiffs, or
against the surviving defendant or defendants," and there is no
doubt that our statute has the same meaning. See *Tappan* v.
*Ely*, 15 Wend. 362. There is no doubt also that the cause
of action survived against the surviving defendant. *Capel* v.
*Saltonstal*, 3 Mod. 249. Dicey, Parties, 440. This seems to fol-
low, indeed, from the fact that the liability is joint and several.
*McAvoy* v. *Wright*, 137 Mass. 207, 210. Therefore by the terms
of the statute, and even apart from it, the action did not abate.
*Sumner* v. *Tileston*, 4 Pick. 308, 309. *Spenser* v. *Rutland*, Yelv.
208, 209. *Hill* v. *Tempest*, Cro. Eliz. 145. *Bennion* v. *Watson*,
Cro. Eliz. 625. 2 Wms. Saund. (6th ed.) 72 *k*. *Baker* v. *Braslin*,
16 R. I. 635.

The allowance of the amendment before the dismissal of the
action would seem to have been enough to make the dismissal
improper, even if it had not been wrong for the reasons already
stated. *Philadelphia & Reading Coal & Iron Co.* v. *Butler*, 181
Mass. 468. But the question remains whether the error can
be corrected here, or, in other words, whether an appeal lies.
We assume for purposes of decision that the ground of the mo-
tion and of the judgment of the Superior Court was that the

action was abated, not that the cause of action was gone, and, that being so, the case is more or less similar in kind to those where the decision of a single judge is made final. Pub. Sts. c. 153, § 8; c. 152, § 10. But on the other hand such a decision upon a motion to dismiss is made final only when the motion is for defect of form in process. We see no sufficient reason why the defendant's paper should not be regarded as a motion to dismiss according to its title and conclusion, and if it is such a motion it is not for defect of form in process. There has been a clear mistake in turning the plaintiff out of court, and as the statutes do not prevent our doing it, we think that it should be corrected here. See *Bassett* v. *Howorth,* 104 Mass. 224, 225; *Kimball* v. *Sweet,* 168 Mass. 105. If the ground of the motion and action of the court had been that the plaintiff's cause of action was gone, it is possible that the case could have been brought here even if the defendant's motion had taken the form of a plea. See *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560, 563.

*Judgment reversed; motion overruled.*