OTTO *v.* VILLAGE OF HIGHLAND PARK.

1. ACTION—CAUSES OF ACTION.

"Actions" and "causes of action," though often used synonymously, do not strictly and technically have the same meaning.

2. SAME—JOINDER OF PARTIES—SEVERAL LIABILITY — JUDICATURE ACT.

As applicable to this case, where defendant village moved to dismiss, on the ground that it was improperly joined, chapter 8, § 1, of the judicature act (section 12309, 3 Comp. Laws 1915), deals with "causes of action" which are generally recognized and often defined as the fact or combination of facts giving rise to or entitling a party to sustain an action.

3. SAME—PLEADING—CONVENIENCE.

There being three defendants, the alleged liability "must be asserted against all," for all are "material" if properly made defendants; there being no claim in the declaration that the causes were united "to promote the convenient administration of justice."

4. SAME—LAW AND EQUITY—DISTINCTIONS.

The distinctions between actions at law and suits in chancery have not been abolished in this State.

5. PARTIES—JOINDER OF PARTIES—SEVERAL LIABILITY—JUDICATURE
   ACT—INTENT.
      Intent of judicature act, *held*, not to allow a joinder of
      parties severally liable and a joinder of different causes
      of action, each against a different defendant.

6. DISMISSAL AND NONSUIT—CERTIORARI—REVIEW.
      On certiorari to review the action of the court below in
      overruling defendant's motion to dismiss the action as
      to it, where defendant timely questioned plaintiffs' declara-
      tion in manner pointed out by the judicature act, chapter
      14, § 4, the inquiry is confined to the charged infirmities
      appearing on the face of the declaration as a pleading.

Certiorari to Wayne; Houghton, J., presiding.
Submitted October 17, 1918.   (Docket No. 81.)   De-
cided December 27, 1918.

Action in case and assumpsit by Peter Otto and
another against the village of Highland Park and
others for damages resulting from insufficient sewer-
age.   From an order denying a motion to dismiss,
defendant village brings certiorari.   Reversed.

*Claude H. Stevens,* for appellant.

STEERE, J.   Plaintiffs commenced an action on
October 18, 1916, in the circuit court of Wayne county
against the Baldwin Park Company and the Hannan
Realty Company to recover damages resulting from in-
sufficient sewerage for certain property they had
purchased in the Baldwin Park subdivision from de-
fendants.   Both defendants appeared and pleaded the
general issue.   The plaintiffs later moved the court
for permission to make the village of Highland Park
a party defendant and to amend their declaration
accordingly.   On October 20, 1917, the permission
asked for was granted, and on October 24, they filed
their first amended declaration.   Two days thereafter
the original defendants pleaded to the amended decla-
ration and on November 9, 1917, the village of High-

land Park pleaded the general issue with notice. Subsequently plaintiffs procured an order from the court granting them leave to discontinue as to the village of Highland Park. Later plaintiffs again obtained an order permitting them to amend their declaration to allege a cause of action against all three defendants, including the village of Highland Park.

Plaintiffs' second amended declaration, which is the one under consideration here, alleges that on November 15, 1914, they purchased from the defendant Baldwin Park Company through the defendant Hannan Realty Company, its selling agent, certain property in the Baldwin Park subdivision; that at the time of entering into a contract for the purchase of said property both the Hannan Realty Company and Baldwin Park Company falsely and fraudulently represented to plaintiffs by signs on the premises, advertisements and direct statements that the property was well sewered with adequate outlets, which plaintiffs believed; that relying upon such representations they bought the land and subsequently built a store and flat thereon, but on December 30, 1915, and on other occasions the basement of said store and flat was flooded with water, sewage and waste because of inadequate outlet and sewer facilities for the property, seriously damaging the contents of their basement; that by reason of such lack of sewer facilities and outlet plaintiffs were put to great expense in constructing and maintaining a cess-pool for the disposal of sewage from their said store and flat, and for the damages sustained in that connection a judgment of $3,000 is asked.

This second amended declaration contains two counts, the first in assumpsit and the second in trespass on the case, directed against the Baldwin Park Company and Hannan Realty Company, its selling agent, respectively charging them with liability for breach of contract and because they fraudulently in-

duced plaintiffs to purchase the property by false representations as to sewerage facilities for the same.

A third count asserts a cause of action against the village of Highland Park by reason of violating an alleged permit formerly granted to Stephen Baldwin, then owner of the farm now embraced in Baldwin Park subdivision, to make sewer connection with the Woodward avenue sewer which runs through the village constituting a part of its sewage system, and charges that—

—"well knowing its duty in this regard, the defendant village of Highland Park did negligently and carelessly fail and neglect to perform the same, and did disturb, break, block, stop and interfere with the said sewers in the Baldwin Park subdivision, and with the connection or connections, outlet or outlets, with and into said Woodward avenue sewer."

From the transcript of record in this case returned by the circuit judge it appears that the village of Highland Park pleaded to plaintiffs' first amended declaration and gave notice of special defense as follows:

"That no permit has ever been given by the village of Highland Park to drain into or through the sewers of the village of Highland Park any sewage from the property now known as Baldwin Park subdivision except the sewage from the farm residence which formerly was located near the southwest corner of the Stephen Baldwin farm.

"That whatever permit was given to Stephen Baldwin to connect any property located outside of the limits of the village of Highland Park was illegal and void, it being beyond the scope of the powers of the village of Highland Park."

To this second amended declaration counsel for the village made a motion in the nature of a demurrer to dismiss the same, and also plaintiffs' action, as to the village, for the following reasons:

"(1) Because the liability set forth in the several counts in plaintiffs' declaration is not asserted against all of the defendants.

"(2) Because the declaration sets forth several distinct causes of action against different defendants.

"(3) Because the cause of action alleged in the third count is improperly joined with the cause of action alleged in each the first and second counts, in that liability is not claimed against the same defendants."

On March 13, 1918, said motion was heard and after argument an order was entered denying the same. The defendant village of Highland Park then removed the proceeding to this court by certiorari asking reversal of said order.

It was plaintiffs' claim and the conclusion of the trial court that the questioned pleading was within the purview of section 1, chapter 8, of the judicature act (3 Comp. Laws 1915, § 12309), which is as follows:

"The plaintiff may join in one action at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice, or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may, in any stage of the proceedings, consolidate them into one action. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials, or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits to be consolidated into one action."

Had not plaintiffs taken the precaution to label the counts in their declaration it would be difficult to de-

fine them, but the first is declared to be "of the plea of assumpsit" and the second "of a plea of trespass." No charge whatever is made against the village of Highland Park in either and the emphasized grievance in each is that the Baldwin Park Company and its selling agent, the Hannan Realty Company, falsely represented to plaintiffs when they bought the property that ample sewer facilities were provided, when in fact those provided proved "inadequate and insufficient and were not provided with sufficient or adequate outlet or outlets."

Turning to the third count "of a plea of trespass," devoted exclusively to the village of Highland Park, plaintiffs state that their property was connected with the sewer system of the Baldwin Park subdivision which was connected with the Woodward avenue sewer running through the village of Highland Park, which connection was "made and maintained" under a permit from the village issued for a consideration to Stephen Baldwin, "through whom plaintiffs derived the right to maintain said connection;" that "the sewage, water, waste, etc., from the said store and flat flowed through the said Baldwin Park sewers into the Woodward avenue sewer, which conveyed it through the village of Highland Park and finally emptied it into the Detroit river;" and the flooding of plaintiffs' basement is charged to the negligence of the village in failing to perform its duty and to refrain from interfering with the Baldwin Park sewer connections as before quoted.

Accepting plaintiffs' designation of these counts and passing the question of their inconsistency, it seems evident that the liability charged in the first and second, based on the false and fraudulent statements of the vendor and its agent that the property was adequately sewered, is not asserted against the village of Highland Park; nor the liability charged against Highland Park for neglect of its duty as to the sewer, and

for breaking, blocking up and interfering with it, is not asserted against the Baldwin Park Company or Hannan Realty Company.

Chapter 8 of the judicature act, devoted mainly to section 1 above quoted, is entitled "Joinder and severance of causes of action and the consolidation of actions." Actions and causes of action, though often used synonymously, do not strictly and technically have the same meaning. To what extent the legislature had in mind the distinction when including the two terms in this title and, if at all, just what definitions were intended may be conceded as somewhat conjectural in view of the difficulties found attending attempts to give general definitions applicable under all conditions (*vide* "Actions," Vol. 1 of Corpus Juris). But that portion of the section and chapter applicable here deals with *causes of action,* which are generally recognized and often defined as the fact or combination of facts giving rise to or entitling a party to sustain an action.

The provisions of section 1 relating to joining actions between one plaintiff and one defendant, and several suits commenced against joint and several debtors have no application to this declaration. We have here three separate defendants and two plaintiffs. "Where there is more than one plaintiff the cause of action must be joint," which may be passed as meaning the plaintiffs must be legally and jointly interested as *actors* or plaintiffs in the causes of action joined, and as to these three defendants, the alleged liability "must be asserted against all," for all are "material" if properly made defendants, "or sufficient grounds must appear for uniting the causes of action to promote the convenient administration of justice."

No mention of convenience is made in the declaration nor does it appear that convenient administra-

tion or the ends of justice will be promoted by mingling the issues of these two distinct causes of action for separate torts, charged to have been committed by different tort-feasors, without co-operation in the respective trespasses alleged, dependent on different lines of proof and demanding separate consideration, with separate verdicts and judgments as to each. Inconvenience, confusion of issues and prejudice from testimony admissible as to one and inadmissible as to the other when trying together distinct common-law causes of action for damages against different defendants, are as inferable from such innovation as that it would facilitate or convenience the administration of justice. The distinction between actions at law and suits in chancery have not been abolished in this State, and these tort actions are triable by jury. Were the issues triable before the court without a jury, as in chancery, the convenience and propriety of their consolidation might be more apparent.

While its provisions as to joinder of actions and parties are broad in terms and go far beyond the former settled practice, it is inferable from the general tenor of the judicature act considered in its entirety and, we think, from the very language under consideration relative to parties defendant, that it was not the legislative intent to ignore the fundamental principles of procedure to the extent proposed in this declaration where, as plaintiffs sound their counts, it is sought to join in a single action and have determined the liability of alleged independent tort-feasors for different and distinct torts charged to each, without concert of action or community of responsibility, inevitably amounting to both a joinder of parties severally liable and a joinder of different causes of action, each against a different defendant.

Under the English judicature act, order 16, rule 4, broadly provides:

204—Mich.—6.

"All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative."

In *Sadler* v. *Great Western Ry. Co.*, L. R. 2 Q. B. Div. (1895) 688, where two railway companies operating separate and independent roads were charged with having, in the use of their premises adjoining plaintiff's shop, "by their respective combined acts" interfered with access to plaintiff's place of business, and the court held the defendants were improperly joined in an action at law for damages, Smith, L. J. saying in part:

—"these two torts, if they are torts, are independent torts by the different companies, although, as I have already stated, the acts of each company can be taken into account in considering the acts of one company and deciding whether they amount to a nuisance or not. The acts of the other company must be taken into account, because it may be that the one company ought not to be doing what it was when the other company was doing what it did. But that does not make these two causes of action a joint cause of action, or give any right to join one company with the other in one action." Affirmed 21 App. Cas. 450 (1896).

Although before the passage of our judicature act, this court referring generally to cases permitting joinder of defendants said in *Strawbridge* v. *Stern*, 112 Mich. 16, that they are "limited by the rule that such a joint action cannot be maintained against different defendants where separate and distinct trespasses are relied upon, in which the parties are not jointly concerned."

To the same effect it is said in 30 Cyc. p. 129, with citation of numerous authorities:

"However wide this liberty of joinder, it does not annul the general principle that when a plaintiff asserts claims against two or more persons in respect of their several liabilities for separate wrongs, he cannot sue these persons as codefendants. The distinction

is marked in the difference between an action for an injunction and an action for pecuniary damages when both actions turn upon an injury arising out of the acts of different defendants between whom there has been no common design or concert of action, but whose independent acts have in fact united, as their common result, in an invasion of plaintiff's rights. When plaintiff seeks an injunction against the continuance of this common result, he may join all the defendants in one action. But when he sues to recover his damages because of his injury from these separate, independent wrongdoers, he cannot join them as defendants in one action."

The defendant village timely questioned plaintiffs' declaration in manner pointed out by the judicature act, section 4, chap. 14 (3 Comp. Laws 1915, § 12456), and the inquiry is confined to the charged infirmities appearing on the face of the declaration as a pleading. So considered it discloses a clear misjoinder of parties in an attempt to maintain a joint action against different defendants for distinct and separate torts, not asserted against all.

The demurrer of the village of Highland Park, by motion to dismiss, is well taken and should have been granted as to it.

The order denying the same is accordingly reversed.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.