## DE VELIN *v.* WAYNE CIRCUIT JUDGE.

1. PROCESS—MOTIONS—ABUSE OF PROCESS—DILATORY PLEA.
   Where defendant appeared specially and filed a motion to set aside service of process on her on the ground that another defendant was joined for the sole purpose of permitting service to be made on defendant in another county, the motion should not be treated as a dilatory plea but as a meritorious appeal to the court to protect its process from abuse.

2. SAME—PLEADING—JURISDICTION.
   Under 3 Comp. Laws 1915, § 12456, the motion was properly and timely made, and, being supported by affidavits in

compliance with the requirements of Circuit Court Rule No. 15, challenged the jurisdiction of the court.

3. SAME—ISSUES PRESENTED—DISMISSAL.
   Where said affidavits were uncontradicted, the court was justified in dismissing the proceedings.

4. SAME.
   No issue having been raised by counter affidavits, the court was required to determine the merits of the motion before any further proceedings were had.

Mandamus by Jessie De Velin to compel Adolph Marschner, circuit judge of Wayne county, to vacate an order setting aside a service of summons. Submitted April 20, 1920. (Calendar No. 28,989.) Writ denied June 7, 1920.

*Walters & Hicks*, for plaintiff.

*James O. Murfin* and *Martin J. Cavanaugh*, for defendant.

SHARPE, J. The plaintiff brought suit by summons in the circuit court for the county of Wayne for the alienation of the affections of her husband against Ellen DeForest, a resident of that county, and Estelle Rust, a resident of Washtenaw county. The original summons was returned "not found" as to the defendant DeForest and "served" on the defendant Rust in Washtenaw county. This service was set aside on motion. An *alias* summons was then issued February 25, 1919, returnable May 23, 1919, which was served on Mrs. DeForest on May 21st in Wayne county and return of service duly filed. On May 22d, service was made on Mrs. Rust at the city of Ann Arbor, in Washtenaw county, and return duly made and filed. On June 4th, defendant Estelle Rust, appearing specially, filed a motion to "set aside and hold for naught the service of the summons made upon her." A number of reasons were assigned therefor, among them being:

3. Ellen DeForest was joined as a defendant for the sole purpose of permitting service to be made on her (Estelle Rust) in Washtenaw county.

4. The service on her in Washtenaw county was an abuse of process and a fraud upon the court.

Affidavits of both defendants were filed in support of such motion. In that of Estelle Rust is set up a copy of the summons and the facts relating to service upon her (referring particularly to the other reasons assigned), and concludes by saying "that she is not guilty of any of the charges set forth in plaintiff's declaration." Ellen DeForest in her affidavit deposes:

"That she is upwards of seventy years of age, to wit, seventy-six years, and is in an Old Ladies' home in the city of Detroit and that she has no means whatever, and that she has been informed of the charges preferred against her by the plaintiff in the above entitled cause, and that all of said charges alleged against her in the plaintiff's declaration are untrue; that she knows nothing of said charges and is in no way responsible for any of the charges alleged in said declaration against this deponent, and that she believes she is made a defendant in this suit for the sole and only purpose of giving the circuit court of Wayne county jurisdiction over Estelle Rust, a resident of Washtenaw county."

This motion came on to be heard before the defendant circuit judge on June 21st. An affidavit of the deputy sheriff of Washtenaw county as to the manner of service on Mrs. Rust was at that time filed. The defendant took the motion under advisement. An additional affidavit of Mrs. Rust was filed pending the decision. Counsel for plaintiff contend that this should not have been considered. On July 12th, the court entered an order "that said motion be and it hereby is granted." On August 25th, plaintiff moved to set aside this order and filed several affidavits in support of such motion. This the circuit judge denied. Mandamus is now sought to compel such action on his part.

Strictly speaking, it does not involve the jurisdiction of the court, but rather an abuse of its process. Pleas of this nature were not treated as dilatory, but as meritorious appeals to the court to protect its process from abuse. They were not regarded with the same strictness, nor did they require that the averments be set forth with the same high degree of certainty. *Campbell* v. *Hudson,* 106 Mich. 523.

Section 4, chapter 14, of the judicature act (3 Comp. Laws 1915, § 12456), provides:

"Demurrers, pleas in abatement, and pleas to the jurisdiction, are abolished. All questions heretofore raised by such plea or demurrer, shall hereafter be raised by motion to dismiss, or in the answer or notice attached to the plea; and in case such questions are raised by answer, or by notice attached to the plea, the same may be brought up for determination by the court, in advance of the trial of said cause, upon four days' notice by either party." * * *

The motion was properly and timely made. It challenged the jurisdiction apparently secured over the person of Mrs. Rust by the service made on her as an abuse of the court's process on the ground that Mrs. DeForest was not a necessary party to the suit and was served for the sole purpose of permitting service to be made on Mrs. Rust in Washtenaw county. It complied with the requirement of Circuit Court Rule No. 15 that such motions must set forth "briefly, but distinctly, the grounds upon which the same are founded." It was supported by affidavits as required by that rule. When brought on for hearing, counter affidavits might have been filed. Had such affidavits been filed, witnesses might have been called and examined in open court under the provisions of section 8 of chapter 18 of said act (3 Comp. Laws 1915, § 12580). No such affidavits were filed, nor were any witnesses examined. The court was thus called upon to determine

whether the averments in the affidavits entitled the defendant Mrs. Rust to an order dismissing the proceedings as to her. We think the affidavits first filed, uncontradicted as they were, justified the order made.

We infer from the memorandum brief filed by plaintiff on the hearing of the motion that her counsel claimed the question could not be decided on affidavits, but that, having raised it, defendant's rights were protected and she should have been required to plead over, allow the matter to proceed to trial, and the question would thus have been saved by her for review in this court. This practice was pursued in *Matthews* v. *Mining Co.*, 183 Mich. 541, where the defendant pleaded in abatement that it was a foreign corporation, not doing business within the State, and without any officer or agent within the State on whom process could be lawfully served.

In the brief filed by plaintiff in this court, counsel cite and rely upon *Maxwell* v. *Speed,* 60 Mich. 36, in which this court, in considering a somewhat similar motion, said:

"The plaintiff is entitled to have such an issue fairly presented and passed upon under such general or other plea as defendant shall legally resort to."

In commenting on this decision, counsel say:

"We submit that under the judicature act, substituting motions for pleas, there has been no such change in the procedure as warrants a departure from the general rule laid down in that case."

We are of the opinion that the trial court was required to determine the merits of the motion before any further proceedings were had. No counter affidavits having been filed, there was nothing concerning which an issue could be made. We feel constrained to hold that the order made setting aside the service

on Estelle Rust in Washtenaw county was warranted. The writ is denied, with costs to defendant.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.