### THOMSON *v.* KENT CIRCUIT JUDGE.

1. DISMISSAL AND NONSUIT—JUDICATURE ACT—EFFECT OF MOTIONS
   TO DISMISS.

   Under the judicature act (3 Comp. Laws 1915, § 12456),
   motions to dismiss take the place of demurrers, pleas in
   abatement and pleas to the jurisdiction.[1]

2. ACTION — JOINDER OF PARTIES NOT JOINTLY LIABLE NOT PER-
   MISSIBLE.

   While the legislature has gone far in permitting joinder
   of defendants (3 Comp. Laws 1915, § 12309), it has not
   gone far enough to permit joining defendants on the law
   side of the court, where but one judgment can be entered,
   who cannot be jointly liable.[2]

3. VENUE—RIGHT TO BE SUED AT ONE'S DOMICILE.

   The right to be sued at one's domicile is more than a
   technical right and is one of substance and should not be
   taken away except in strict compliance with law.[3]

4. ACTION—ABUSE OF PROCESS—DEFENDANT NOT JOINTLY LIABLE
   MAY NOT BE JOINED.

   In an action for fraud and deceit in the sale of corporate
   stocks and bonds, it was an abuse of process to attempt
   to join a defendant living in another county who did not
   participate in the fraud charged against the other de-
   fendants, and the fact that he might have committed
   fraudulent acts prior to the other defendants' connection
   with the corporation would not justify a joinder of the
   parties.[4]

Mandamus by George J. Thomson to compel Willis
B. Perkins, circuit judge of Kent county, to vacate an
order setting aside a service of process.    Submitted
January 28, 1925.    (Calendar No. 31,795.)    Writ
denied April 3, 1925.

[1]Dismissal and Nonsuit, 18 C. J. § 1 (1926 Anno); [2]Actions,
1 C. J. § 262; [3]Venue, 40 Cyc. p. 97; [4]Actions, 1 C. J. § 266.

*Norris, McPherson, Harrington & Waer,* for plaintiff.

*Charles E. Ward, Frank D. Eaman, Peter J. Monaghan* and *J. T. & T. F. McAllister,* for defendant.

FELLOWS, J.    Plaintiff here brought an action at law in the Kent circuit court against Oscar B. Wilmarth and Joseph Noorthoek, residents of Kent county, and Joseph J. Jacobson, Hiram E. Moone and Abram W. Sempliner, residents of Wayne county. The action was for fraud and deceit in the sale of stock and bonds of the National Hardwood Company. Jacobson and Moone appeared and pleaded.    Defendant Sempliner moved to dismiss.    With his motion he filed an affidavit sworn to by himself; no counter-affidavit was filed.    He insisted that the service was defective as to him; that his connection with the company was purely that of an attorney in preparing the papers and appearing before the Michigan securities commission.    He insisted that he was improperly joined as a defendant with the Kent county defendants; that the declaration does not count upon and he has not participated in any joint tort with the Kent county defendants; that he is entitled to a trial in his home county; and that the process of the court has been abused.    Under section 12580, 3 Comp. Laws 1915, the trial judge directed the production of witnesses at the hearing of the motion, and while there is some mild criticism of the practice adopted, both parties seem to have acquiesced in it.    In view of the fact that plaintiff's counsel treats defendant's motion as a demurrer only, we think it should be stated that it was more than a demurrer.    Under the former practice abuse of process could be raised by a plea to the jurisdiction.    Under the judicature act (3 Comp. Laws 1915, § 12456) motions to dismiss take

the place of demurrers, pleas in abatement and pleas to the jurisdiction.

In the final analysis on the hearing of the motion plaintiff's claim against defendant Sempliner was that he did not exhibit to the commission certain contracts between private parties, and that his failure so to do operated as a fraud upon the commission and that the commission would not have taken the action it did in permitting the sale of the securities of the company had he done so. But no testimony of any one connected with the commission was produced to sustain this claim. The record discloses that the commission through one of its members investigated the properties of the company and the inference is strong that it acted upon its own investigation rather than anything else. Defendant Sempliner testified that he did not withhold from the commission any facts he, as an attorney, believed the commission should know and defendant circuit judge in his opinion completely exonerated him from any fraudulent conduct and in his return states:

"Defendant at said hearing was satisfied both from the affidavit of defendant Sempliner filed with said motion and from the proofs taken by plaintiff at said hearing, that said Sempliner was improperly joined as a defendant in said action; that he was not guilty of the fraud charged against him in said cause; that the facts and circumstances stated in said affidavit were true; and there having been no affidavit or showing to contradict the statements in said affidavit, it was the duty of the court to grant the motion of defendant Sempliner."

We do not, however, rest decision on this branch of the case but will proceed to consider other grounds of defendant Sempliner's motion. Manifestly, however, this presents a situation which can not be overlooked and has its bearing on the question of abuse of process. The Kent county defendants, Wilmarth

and Noorthoek, were not connected with the company when it was organized; they later became directors and with other directors put out a statement as to the condition of the company which was used in making sales of stock and which it is claimed was untrue and fraudulent. This is largely the fraud of which it is claimed they were guilty together with some actions taken by them as directors of the company. Sempliner had nothing to do with them or their actions and did not know them, and as we have pointed out the (unsupported) claim against Sempliner was that he perpetrated a fraud on the securities commission before the Kent county defendants were in any way connected with the company. Much is said in plaintiff's brief as to the duty of promoters, and many cases are cited dealing with that subject. But we are here dealing only with the case of Sempliner. We are not dealing with a case where promoters fraudulently organize a company and subsequently elected directors continue to perpetrate the fraud. Defendant was not a promoter. As attorney he performed professional services in organizing the company and had nothing further to do with its activities. His tort, if he committed one, was a separate and distinct tort from that charged against the Kent county defendants, nor was it in any way related to their conduct. While the legislature has gone far in permitting joinder of defendants (3 Comp. Laws 1915, § 12309), it has not gone far enough to permit joining defendants on the law side of the court, where but one judgment can be entered, who can not be jointly liable. In the case of *Otto* v. *Village of Highland Park*, 204 Mich. 74, the plaintiffs had suffered damages by flooding their premises. They conceived the Baldwin Park Company and its agent, Hannan Realty Company, should respond for such damages because of their false representations as to the premises being properly sewered; later they con-

ceived that the village was also responsible for such damages because it violated a permit issued to one Baldwin to make sewer connections and made it a defendant with the other defendants. The village moved to dismiss because of misjoinder. The court granted the motion and on certiorari we sustained the order. Speaking of the statute above cited, it was there said:

"While its provisions as to joinder of actions and parties are broad in terms and go far beyond the former settled practice, it is inferable from the general tenor of the judicature act considered in its entirety and, we think, from the very language under consideration relative to parties defendant, that it was not the legislative intent to ignore the fundamental principles of procedure to the extent proposed in this declaration where, as plaintiffs sound their counts, it is sought to join in a single action and have determined the liability of alleged independent tort-feasors for different and distinct torts charged to each, without concert of action or community of responsibility, inevitably amounting to both a joinder of parties severally liable and a joinder of different causes of action, each against a different defendant."

In *Lake Shore Stone Co.* v. *Westgate*, 211 Mich. 540, the members of the township board of South Haven township had neglected to require the giving of statutory bonds by the contractor; there were two contracts. When the first one was entered into defendant Leisenring was a member of the board; when the second was entered into he had been succeeded by one Hoskins who was not a party to the suit. The action was brought for the negligence of the members of the board on both occasions. The trial judge on the trial dismissed the case as to defendant Leisenring; he had not been and could not be guilty of neglect of duty when he was not a member of the board and was not jointly liable with the other defendants for the action taken or the want of action on the occasion

of letting the second contract.   We affirmed the judgment.   See, also, *Runciman* v. *Brown*, 223 Mich. 298; *Wellock* v. *Cowan*, 221 Mich. 58.

A somewhat similar case to the one now before us is *DeVelin* v. *Wayne Circuit Judge*, 211 Mich. 56.   In that case an action for alienation of affections was brought against Ellen DeForest, a resident of Wayne, and Estelle Rust of Washtenaw; an *alias* summons was first served on Mrs. DeForest in Wayne and later on Mrs. Rust in Washtenaw.   Mrs. Rust insisted there had been an abuse of process and moved to dismiss, filing in support of her motion an affidavit of Ellen DeForest in which she stated that she was not guilty of the charges set forth in plaintiff's declaration and that she believed she was made defendant for the purpose of obtaining jurisdiction over Mrs. Rust.   No affidavit was filed in opposition and the trial judge dismissed the suit.   We declined to disturb the order by mandamus.   The right to be sued at one's domicile is more than a technical right and is one of substance and should not be taken away except in strict compliance with law.   *Jacobson* v. *Wayne Circuit Judge*, 76 Mich. 234.   The trial judge in the instant case reached the conclusion that an attempt had been made to deprive defendant Sempliner of that right by an abuse of process.   We agree with his conclusions.

The writ will be denied with costs.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.