VELMA TAYLOR STAATS *v.* CO-OPERATIVE TRANSIT. COMPANY

(No. 9361)

Submitted February 2, 1943. Decided March 23, 1943.

*Robert E. Bills* and *Wm. Bruce Hoff,* for plaintiff in error.

*Robert B. McDougle* and *Jay T. McCamic,* for defendants in error.

ROSE, JUDGE:

Velma Taylor Staats prosecutes this writ of error to an order of the Circuit Court of Wood County by which her action of trespass on the case against Co-Operative Transit Company, a corporation, as surviving defendant, was dismissed.

In the month of May, 1938, an automobile owned and then being driven by T. C. Staats on the streets of Wheeling, in Ohio County, and who was accompanied by the plaintiff, then Velma Taylor, and her sister, as guest passengers, collided with a street car owned and operated by Co-Operative Transit Company, a corporation, resulting in substantial injury to the plaintiff.

Charging that the accident and injury resulted from the joint and concurring negligence of Staats and the Transit Company, the plaintiff instituted an action of trespass on the case against them jointly in the Circuit Court of Wood County, in which she and the defendant Staats resided.

The Transit Company filed in the case two pleas in abatement. In plea No. 1, as subsequently amended, it is alleged that the Transit Company had its principal office in the City of Wheeling, and the County of Ohio, and that its president was a resident of that county; that the company had never done any business or had any officer or agent in the county of Wood; that no part of the alleged cause of action arose in that county; and further, charged

that the defendant Staats and the plaintiff at and before the time of said accident were, and ever since have been, "on terms of greatest friendliness"; that the plaintiff had no intention of collecting any judgment which might be recovered in the case against said Staats, who, it was alleged, was joined as co-defendant "solely for the fraudulent purpose of obtaining jurisdiction upon him in Wood County and the laying of venue in said County so as to acquire jurisdiction over the defendant Co-Operative Transit Company and depriving said Co-Operative Transit Company of its right to have action against it tried in Ohio County". Plea in Abatement No. 2 set up the same facts as to the Transit Company's office, place of business and the residence of its officers and agents, with the additional allegation that the defendant, T. C. Staats, "at the commencement of the said action was and from thence hitherto has been and still is a non-resident of the State of West Virginia and not a resident of the County of. Wood", and that the "cause of action herein sued on did not, nor did any part thereof, arise in the said County of Wood", but in Ohio County.

A demurrer to each of these pleas in abatement was interposed and overruled, and the issues arising thereon, by agreement of the parties, were tried to the court in lieu of a jury, resulting in a finding and judgment in favor of the plaintiff..

Subsequently, on the 10th day of November, 1939, the Transit Company filed what it denominates a . "plea of intervening coverture", in which it is shown that on the 21st day of March, 1939, and after the institution of this action, the plaintiff and defendant Staats were married to each other, and adding, as a conclusion therefrom, that the legal effect of such marriage was to abate the action as to said Staats, and that inasmuch as he was the party defendant whose residence in the County of Wood gave the court jurisdiction of the case, such abatement as to him operated also to abate the action as to the Transit

Company. A demurrer to this plea was sustained by an order entered on the 20th day of May, 1940.

On the 22nd day of November, 1940, a demurrer to the declaration was interposed by the Transit Company, which was overruled on the 28th day of December, 1940.

On the 28th day of April, 1941, the Transit Company suggested on the record the death of the defendant, T. C. Staats, and thereupon moved that the case be dismissed as to it on the ground that the action and cause of action having abated as to the defendant Staats by his death, there remained in the case no defendant residing in Wood County, thus causing the court to lose jurisdiction of defendant Transit Company and of the case. This motion the court sustained, and this writ of error followed.

The plaintiff assigns a single alleged error, namely, the dismissal of the action as to the Transit Company upon the death of its co-defendant, Staats. But the Transit Company cross-assigns error on two grounds: (1) that the court erred in holding that the Transit Company could be proceeded against in Wood County on the sole ground that its co-defendant and alleged joint tort-feasor was a resident of that county; and (2) that it was error to refuse to dismiss the action as to both defendants upon the inter-marriage of the plaintiff with the defendant Staats, the claim being that such intermarriage abated the action as to the defendant, whose residence in Wood County gave jurisdiction to the court, and that after the case was abated as to the resident defendant, it could no longer be main-tained as to the other. Chronologically, the questions raised by the cross-assignment of errors arose before the action complained of by the plaintiff in error and will be first considered.

, We cannot accept the conclusion that the Transit Com-pany was not properly brought into the action instituted in Wood County. The controlling statute, Code, 56-1-1, provides that:

> "Any action or other proceeding at law or suit in equity, except where it is otherwise specially

provided, may hereafter be brought in the circuit court of any county:

(a) Wherein any of the defendants may reside, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered, or some part thereof, is; or

(b) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; * * *."

The defendant Staats was a resident of Wood County; he was properly proceeded against there; and, the action having been properly brought against him in that county, the other defendant could be brought in regardless of the location of its office, and places of business or the residences of its officers or agents. But it is argued that since it is not possible for a corporation to "reside" in a county, subsection (a) cannot apply to corporations, but only to defendants who are natural persons. This construction might control if both the defendants were corporations, as then neither would be capable of having a residence in a county. But the complete statute, in effect, says that if any defendant can and does reside in a county, an action, suit or other proceeding against him and others may be brought in that county. The defendant Staats did reside in Wood County, and this action was instituted in that county. This is all that the law requires to determine the place for bringing the action, and the corporate defendant must submit to the venue thus established.

It is further argued, however, that venue of an action, suit or proceeding as to a corporation is fixed exclusively by subsection (b) above quoted, and by section 2 of the same article which reads as follows: "An action, suit or proceeding may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein, in the following instances: (a) When the defendant, or if more than one defendant, one or more of the defendants, is a corporation; * * *."

But it will be seen at once that subsection (b), sections 2, and 2 (a), merely provide the county in which an action, suit or other proceeding shall be brought in a case in which a corporation is the jurisdiction-giving defendant. Thus the plaintiff may proceed in the county of the residence of a defendant who is capable of having a residence therein, or in the county in which a corporation defendant has its principal office, or in which certain of its officers reside, or where the cause of action arose. He may proceed against a natural person in one county or against a corporation defendant in another, and having instituted a proceeding against either in a proper county, the other may be brought in from any place in the state. Judge Poffenbarger, speaking for the Court, in *McConaughey & Co.* v. *Bennett's Ex'rs.*, 50 W. Va. 172, 40 S. E. 540, 542, stated the rule thus: "It is a well settled rule that where the circuit court of a county has jurisdiction as to one of the proper parties defendant, the others being residents of the State, are subject to its process and jurisdiction also, for the court having acquired jurisdiction of one of the defendants may send its process to any county in the State for the others." We conclude, therefore, that the defendant Transit Company was properly proceeded against in Wood County.

The question as to the effect of the plaintiff's intermarriage with the defendant Staats resolves itself into two problems: (1) The effect, if any, resulting to the plaintiff's right to proceed further against the defendant Staats; and (2) if this marriage abated the action as to Staats, what effect such abatement had on the jurisdiction of the court as to the Transit Company, of which jurisdiction was originally acquired solely by reason of the jurisdiction as to Staats. In *Poling* v. *Poling,* 116 W. Va. 187, 179 S. E. 604, this Court held that one spouse cannot maintain an action against the other based upon a tort alleged to have been committed during coverture. This was true without question at common law, and we found that the statutes of this state removing the common law disability of married women did not enable a husband or wife to

maintain an action against the other for such tort. In other states, the married women's statutes there in effect have been generally held not to abolish the disability to maintain such suit. *Allen* v. *Allen*, 246 N. Y. 571, 159 N. E. 656; *Finn* v. *Finn*, 19 Ohio App. 302; *Emerson* v. *Western Seed and Irrigation Co.*, 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327; *Blickenstaff* v. *Blickenstaff*, 89 Ind. App. 529, 167 N. E. 146; *Furstenburg* v. *Furstenburg*, 152 Md. 247, 136 A. 534; *Harvey* v. *Harvey*, 239 Mich. 142, 214 N. W. 305; *Willott* v. *Willott*, 333 Mo. 896, 62 S. W. 2d 1084, 89 A. L. R. 114; *Tobin* v. *Gelrich*, 162 Tenn. 96, 34 S. W. 2d 1058; *McLaurin* v. *McLaurin Furniture Co.*, 166 Miss. 180, 146 So. 877; *Conley* v. *Conley*, 92 Mont. 425, 15 P. 2d 922; *Von Laszewski* v. *Von Laszewski*, 99 N. J. Eq. 25, 133 A. 179; *Bushnell* v. *Bushnell*, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785; *Gowin* v. *Gowin* (Tex. Civ. App.), 264 S. W. 529; *Heyman* v. *Heyman*, 19 Ga. App. 634, 92 S. E. 25. In some states, however, the married women's statutes there in force have been held to be sufficient to effect a modification of this ancient common law rule. *Wait* v. *Pierce*, 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276; *Roberts* v. *Roberts*, 185 N. C. 566, 118 S. E. 9, 29 A. L. R. 1479; *Penton* v. *Penton*, 223 Ala. 282, 135 So. 481; *Katzenberg* v. *Katzenberg*, 183 Ark. 626, 37 S. W. 2d 696; *Fitzmaurice* v. *Fitzmaurice*, 62 N. D. 191, 242 N. W. 526; *Pardue* v. *Pardue*, 167 S. C. 129, 166 S. E. 101. We are clearly of opinion that the rule established in *Poling* v. *Poling, supra,* is based upon abundance of authority, correct reasoning and sound public policy, and, while not solving all the difficulties presented in the present case, is a solid foundation from which we may proceed.

"At common law marriage extinguished all rights of action by the wife against the husband for ante-nuptial torts." I Schouler, Domestic Relations, 6th Ed., section 633. See also, *Henneger* v. *Lomas*, 145 Ind. 287, 44 N. E. 462, 32 L. R. A. 848; *Burleigh* v. *Coffin*, 22 N. H. 118, 53 Am. Dec. 236. In other states this common law principle is held to survive when not clearly modified by statute.

*Henneger* v. *Lomas, supra; Spector* v. *Weisman,* 59 D. C. App. 280, 40 F. 2d 792; *Webster* v. *Snyder,* 103 Fla. 1131, 138 So. 755; *Raines* v. *Mercer,* 165 Tenn. 415, 55 S. W. 2d 263; *Newton* v. *Weber,* 119 Misc. Rep. 240, 196 N. Y. S. 113. We look in vain for any statutory modification in this State of this common law rule. Our married women's statute, indeed, does provide that "A married woman may sue or be sued alone in any court of law or chancery in this State that may have jurisdiction of the subject matter, the same in all cases as if she were a single woman, * * *." Code, 48-3-19. But this statute relates to procedure only. It creates no new cause of action. Here, the plaintiff's basic difficulty is that, since her marriage, she has had no cause of action against Staats—no "subject matter" of which any court could have jurisdiction. Accordingly, we conclude that the common law rule barring an action by a wife against a husband for an ante-nuptial tort survives in this State in its full effect. Further, we find no public policy or other principle which we may recognize or act upon, which will permit us to disregard this inherited rule of law which no legislature has considered it proper to abrogate. On the other hand, the weighty considerations of public policy, which, in *Poling* v. *Poling, supra,* supported us in our denial of the right of one spouse to maintain an action against another for personal injury during coverture, impel us to hold, also, that this plaintiff cannot, after becoming the wife of the defendant Staats, continue to maintain an action against him for an alleged tortious act occurring before the marriage.

Whether the termination of the plaintiff's right of action against Staats affects her right to proceed further in this case against the Transit Company remains to be determined. At common law the general rule was that an action in tort did not abate by the death of one of several defendants. 1 C. J. S., Abatement and Revival, sec. 122; 1 Am. Jur., Abatement and Revival, sec. 62. No statute of this State narrows this rule of the common law. Code, 56-8-1 and 2, provide that where "a party dies, or becomes

convict of felony, or insane, or the powers of a party who is a personal representative, committee or guardian cease, * * * the suit or action may proceed for or against the others, if the cause of suit or action survive to or against them, * * *." Thus, by express statute the death of one defendant does not abate the action as to another, if the cause of action survive as to such other. And the statutory rule applies to all defendants, whatsoever, no exception being made for a case in which the death is of a defendant through whom venue exists. Some hardship may result to the surviving defendant, but this inconvenience is inherent in the law which makes it possible to sue a defendant in any county where a co-defendant may be proceeded against. Equal hardship and greater danger to the plaintiff would result if the law were such that the death of the venue-giving defendant wholly abated the action, thus requiring a new action against the survivors, in which the same peril would again exist. We conclude, therefore, that the death of the defendant Staats, although he was the venue-giving defendant, did not abate the action as to the Transit Company.

But the statute quoted does not cover all possible grounds of abatement. In fact, it covers but four situations, namely, those in which "a party dies, or becomes convict of felony, or insane, or the powers of a party who is a personal representative, committee or guardian cease". Code, 56-8-1 and 2. Cases involving other grounds of abatement remain as at common law.

It is often stated without qualification that when the jurisdiction of a cause has once vested in a court, it will not be lost by subsequent events in the case. *Brown* v. *Kellogg,* 182 Mass. 297, 65 N. E. 378; *Anderson* v. *Wilson,* 100 Ind. 402; *Cobb* v. *Garlington,* 100 S. C. 51, 84 S. E. 302; *Estes* v. *Martin,* 34 Ark. 410; *Curry* v. *McCaffery,* 47 Mont. 191, 131 P. 673; *Lassiter* v. *Wilson,* 207 Ala. 669, 93 So. 598; *Lofton* v. *Collins,* 117 Ga. 434, 43 S. E. 708, 61 L. R. A. 150; *Neale* v. *Utz,* 75 Va. 480; *Metcalf* v. *Hale,* 42 Ga. App. 402, 156 S. E. 301; *Mollan* v. *Torrance,* 9 Wheat. 537, 6 L. Ed. 154;

*Upton and Williamson* v. *New Jersey Rd. Co.,* 25 N. J. Eq. 372; Hawse, Jurisdiction of Courts, sec. 23; Wells, Jurisdiction of Courts, sec. 79. But an examination of these authorities will disclose that they deal with happenings to, or things done by, a defendant, which were beyond the plaintiff's control, not with acts of a plaintiff by which his right to proceed in the case might be affected. The cited section from Wells contains this statement: "It is stated as a general rule, that where jurisdiction is once lawfully and properly acquired no subsequent fact in the particular cause can defeat that jurisdiction; * * *. Further, it is declared that if there is any exception to this rule it is when a change in the parties, after suit commenced, is of a nature to work an abatement."

We think the present case falls within the exception intimated by this author. For there is another principle which casts some light on our problem here. In the absence of a statute to the contrary, every defendant has the inherent right to make defense in his own county (if a corporation, in the county where it could be sued alone), and any statutory provision abridging this right is to be strictly construed in favor of the defendant. *Caywood* v. *Williams,* 218 Ky. 282, 291 S. W. 377; *Metzger* v. *Mann,* 183 Ark. 40, 34 S. W. 2d 1069; *Werner* v. *Bryden,* 99 Cal. App. 398, 278 P. 869; *Tripani* v. *Meraux,* 184 La. 66, 165 So. 453; *American Historical Soc.* v. *Glenn,* 248 N. Y. 445, 162 N. E. 481; *First Nat. Bank* v. *Henshaw,* 169 Okla. 49, 35 P. 2d 898; *Richardson* v. *D. S. Cage Co.,* 113 Tex. 152, 252 S. W. 747; *Christian* v. *Terry,* 36 Ga. App. 815, 138 S. E. 244; *Thomson* v. *Perkins,* 230 Mich. 354, 203 N. W. 108; *Baldwin* v. *Munger,* 200 Ia. 32, 204 N. W. 417. We find no statute or case controlling on the state of facts presented in the case at bar. Sound reason, however, would seem to require that a non-resident defendant should not be longer held in the case, after a plaintiff has voluntarily abandoned or destroyed his right to proceed further against the resident defendant through whom alone the non-resident was drawn into court. Clearly, if the marriage between the plaintiff and Staats had occurred after the accident but

before suit was brought, the action could not have been maintained in Wood County against the defendant Transit Company alone. Nor could any action then have been maintained in that county by the subterfuge of joining Staats as a defendant, since no cause of action could be shown against him. *Gunnoe* v. *West Virginia Poultry Association*, 115 W. Va. 87, 174 S. E. 691, 93 A. L. R. 944. It would seem to be a mere application of the same just principle to hold that neither could the plaintiff bring the Transit Company into that court by suing in that county even a real joint-tort feasor, and then, having gotten the company into court, release the local defendant, dismiss the action as to him, or do any other voluntary thing by which the action as to him is terminated, and still be permitted to maintain the action against the non-resident defendant. The plaintiff here is permitted to prosecute her action in the Wood County court against the Transit Company solely by virtue of the fact that she elected to proceed there with an action against Staats and the Transit Company jointly. But when she subsequently elected to do an act, the result of which was to destroy her right of action against Staats, she had no longer any fair excuse for further holding the Transit Company in that court. Of her own will she put herself in a position from which she can no longer do the one thing, the doing of which alone gave the court of Wood County jurisdiction, namely, to prosecute her action against Staats. This ruling is not technical, but just and salutary. If possible, a way should not be left open by which a designing or unscrupulous plaintiff should possess the power to use a local resident as a pretended defendant to decoy from a distance into a local court the actual defendant whom alone the plaintiff is pursuing. A suit abandoned as to a local defendant ought to give no more benefit or advantage to a plaintiff than a suit never brought. We, therefore, conclude that the facts set up in the special plea of the Transit Company, when proved or admitted in court, will operate to abate the present action as to that defendant, and that the demurrer to that plea should have

been overruled; but that the court erred in holding that the action was abated as to the surviving defendant by the mere death of the defendant Staats.

Accordingly, we reverse the judgment of the trial court in so far as it dismissed the action as to the defendant, Co-Operative Transit Company, and remand the case to the Circuit Court of Wood County with instructions to proceed further upon the special plea of the defendant, Co-Operative Transit Company, in accordance with the views expressed in this opinion.

*Reversed and remanded.*