HOYT v. ROSS.

Opinion delivered June 14, 1920.

1. ACTION—JOINDER OF CAUSES.—The maker of a note and an indorser of it without recourse, and who subsequently promised the maker to pay the note are not jointly liable on the note, and causes of action against them are inconsistent and improperly joined; if the holder accepted the indorser in lieu of the maker, he thereby released the maker.

2. VENUE—SERVICE IN ANOTHER COUNTY.—In order to obtain judgment on service upon a defendant in a county other than that in which a suit is brought, service must be obtained in the county where the suit is brought on a codefendant jointly liable with the nonresident defendant, and it should appear from the face of the complaint that plaintiff was entitled to recover judgment against both defendants.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Sam T. Poe, Malcolm W. Gannaway* and *Tom Poe,* for appellant.

1. The court erred in holding that appellees were not jointly indebted to appellant in the sum of $250 and interest. There was novation because the assent to hold Oilar-Overland Company solely and release E. B. and J. B. Ross is lacking an essential to a novation. 125 Ark. 9. The Rosses are liable and so is the Oilar-Overland Company. 93 Ark. 346; 46 *Id.* 132; 91 *Id.* 367; 31 *Id.* 155; 6 R. C. L. 890 (ff); 13 C. J. 705 (ff); 65 Ark. 29; 121 *Id.* 414-418. The court erred in sustaining the motion to quash the service. 93 Ark. 436.

*Carmichael & Brooks,* for appellees.

1. The judgment quashing the service was not a final and appealable judgment.

2. The appeal is premature, and (3) the order quashing the summons as to E. B. and J. B. Ross was proper. Kirby's Digest, § 6074; 63 Ark. 40; 92 *Id.* 101; 15 *Id.* 401; 117 *Id.* 360; 101 *Id.* 210; 129 Wis. 84; 81 Wash. 442; 42 L. R. A. (N. S.) 177. See also 2 Tenn. C. C. A. 366; 55 Am. Dec. 56; 21 Am. Rep. 209; 11 Bush 180; 165 Pac. 508; 46 L. R. A. 732; 131 Ark. 516; 62 *Id.* 595. The appeal should be dismissed because the judgment is not final and the appeal is premature and the judgment is right on the merits.

HUMPHREYS, J. Appellant instituted suit against appellees in the Third Division of the Pulaski Circuit Court, to recover $250 and interest. It was alleged in the complaint that E. B. and J. B. Ross, husband and wife, executed a series of notes, including the $250 note sued on, to the Oilar-Overland Company, to cover the unpaid purchase price of a certain automobile; that the notes contained a provision that upon failure to pay any one of them, or the interest thereon, all should become due; that they also contained a provision retaining

the title to the automobile in the Oilar-Overland Company until the notes were paid; that, before the maturity of the $250 note aforesaid, the Oilar-Overland Company, for a consideration, transferred said note to appellant, without recourse; that, before the maturity of the note in question, without the consent or knowledge of appellant, the Rosses returned the automobile to the Oilar-Overland Company in payment of the balance due on the purchase price, under agreement that it would pay the $250 note and accrued interest, which it had theretofore assigned to appellant.

The Oilar-Overland Company was, and is, a corporation domiciled in Pulaski County. E. B. Ross and J. B. Ross were, and are, residents of Lonoke County. A judgment was sought against all of them, based upon personal service had on the Oilar-Overland Company in Pulaski County and the Rosses in Lonoke County, under section 6072 of Kirby's Digest, which provides that "every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned."

The Rosses appeared specially and filed a motion to quash the service upon them, for the reason that they were not jointly liable with the Oilar-Overland Company on the obligation sued upon.

The court sustained the motion to quash the service and dismissed the action against them, from which judgment of dismissal an appeal has been duly prosecuted to this court.

Appellant insists that the court erred in holding that appellees were not jointly indebted to appellant in the sum of $250 and interest thereon. Appellant contends that E. B. Ross and J. B. Ross are indebted to him in the sum of $250 by virtue of a promissory note signed by them to the Oilar-Overland Company, and by it endorsed to him, without recourse, before maturity, for a valuable consideration; and that the Oilar-Overland Company is indebted to him for the same amount, because it agreed with the Rosses for a consideration

to pay the note to him. Under the allegations of the complaint, two wholly inconsistent causes of action are pleaded. On the one hand, the note, signed by the Rosses and indorsed, without recourse, by the Oilar-Overland Company, is made a basis of the action. The indorsement without recourse clearly exempts the Oilar-Overland Company from joint liability with the Rosses on the note. On the other hand, the contract made by the Oilar-Overland Company with the Rosses, for a new consideration, to pay the note to appellant, is also made a basis of the action. The effect of this agreement, if ratified by appellant, was to release the Rosses as makers and accept in their stead the Oilar-Overland Company. Appellant could not ratify the contract in part and reject it in part. It was made for his benefit, and an acceptance in part amounted to a ratification *in toto*. There was no joint liability on either cause of action, and the causes of action, being inconsistent, were improperly joined.

In order to obtain service upon a defendant, or defendants, in a county other than the county in which a suit is brought, service must be obtained on a codefendant jointly liable with him, or them, in the county where the suit is brought. It should appear from the face of the complaint that the plaintiff was entitled to recover a judgment against both defendants. Section 6074 of Kirby's Digest. *Stiewel* v. *Borman,* 63 Ark. 30. No joint liability appearing on the face of the complaint in the instant case, the judgment is affirmed.