LINGO *v.* SWICORD.

Opinion delivered November 7, 1921.

1. PROCESS—DEFENDANTS IN DIFFERENT COUNTIES.—Under Crawford & Moses' Dig., § 1178, service of process, in a transitory action, cannot be had on a defendant in a county other than that of his residence, except where there is a service in the county where the action is instituted on a co-defendant who is jointly liable.

2. BILLS AND NOTES—JOINT LIABILITY.— Indorsers of a note are not jointly liable with the maker.

3. BILLS AND NOTES—LIABILITY OF PAYEE.—The payee of a note who has indorsed it to another is liable only to such indorsee or to subsequent holders of the note.

4. BILLS AND NOTES—RIGHTS OF ACCOMMODATION INDORSER.—One who indorsed a note for the maker's accommodation and pays the note, does not thereby become a purchaser, nor be entitled to hold the payee liable on his indorsement.

5. APPEARANCE—TAKING APPEAL.—The taking of an appeal by one who was not properly served with process operates as an entry of appearance.

Appeal from Randolph Chancery Court; *L. F. Reeder,* Chancellor; reversed.

*W. E. Beloate* and *W. M. Ponder,* for appellants.

There was no proper service upon Osburn and Lingo. 144 Ark. 473.

Swicord was a joint maker and liable for the entire amount. 80 Ark. 285.

Plaintiffs were not co-sureties nor entitled to contributions from each other, but were liable to each other in the absence of a special agreement. 94 Ark. 333.

*Smith* and *Gibson,* and *Schoonover & Jackson,* for appellee.

McCulloch, C. J. Appellee instituted this action in the chancery court of Randolph County against one Dillport and the appellants, Tom Lingo and D. H. Osburn, and appellants were served with process in Lawrence County, where they reside. A decree by default was rendered in favor of appellee and against all of the defendants, and the two appellants subsequently prosecuted an appeal. Dillport has not appealed. It appears from the record that the decree was rendered by the court upon the complaint and exhibits.

It is alleged in the complaint that on September 5, 1919, Dillport executed and delivered to appellant Lingo his promissory note for the sum of $175, payable October 5, 1920, and that on September 27, 1919, appellee indorsed the note, as an accommodation for Dillport, and that Dillport executed a chattel mortgage to appellee to secure him against loss. The complaint

further alleges that appellant Osburn was also an indorser on the note. The complaint contains the further allegation that Lingo assigned and indorsed the note, before maturity, to the Lawrence County Bank, and that later appellee paid the note in full, and that the Lawrence County Bank transferred the note to appellee. The prayer is for foreclosure of the chattel mortgage and decree over and against defendants for the balance paid by appellee in satisfaction of the note.

The mortgaged chattels were sold under order of the court during the pendency of the action, and the proceeds applied on the satisfaction of the debt to appellee, and the court rendered final decree against Dillport and appellants for the remainder.

The note is exhibited, and shows blank indorsements by appellee and Lingo and Osburn in the order mentioned.

Under the statutes of this State, service cannot, in a transitory action, be had on a defendant in a county other than that of his residence, except where there is service in the county where the action is instituted on a co-defendant who is jointly liable. Crawford & Moses' Digest, § 1178; *Hoyt* v. *Ross,* 144 Ark. 473. If there be liability at all on the part of either of the appellants to appellee, it is not a joint liability with Dillport, the maker of the note.

According to the allegations of the complaint, there was no liability at all on the part of appellant Lingo. He was payee in the note, and his indorsement, regardless of the position of his name on the instrument, could only have had the effect of transferring the note to the Lawrence County Bank. He was liable only on that indorsement to his assignee or to subsequent holders of the note. Appellee did not become a subsequent holder of the note by paying it; the payment was by reason of his liability as an indorser, and he did not become the purchaser of the note. Neither was the liability of appellant Osburn, if there existed any liability at all, a joint one with Dillport.

According to the pleadings in the case, appellee was not a holder of the note by purchase, and had no right of action against appellant Osburn as a joint maker.

The decree is therefore reversed, and the cause remanded for further proceedings, the appeal operating as an entry of appearance by appellant. *Southern Bldg. & Loan Assn.* v. *Hallum,* 59 Ark. 583. It is ordered.