BANK OF MORRILTON *v.* SKIPPER, TUCKER & COMPANY.

Opinion delivered June 23, 1924.

1.  GUARANTY—CONSTRUCTION OF CONTRACT.—It is the duty of the court to interpret a guaranty contract according to its language if clear and unambiguous.

2.  GUARANTY—CONTRACT HELD TO BE ABSOLUTE.—A contract of guaranty of the payment of a debt *held* to be absolute, and liability of the grantor matured immediately upon the failure of the principal debtor to pay, so that it was not essential that, before suit may be commenced against the grantor, suit be begun against the principal debtor and the claim reduced to judgment.

3.  GUARANTY—CONSTRUCTION OF CONTRACT.—A contract whereby defendant guaranteed the payment to plaintiff of the account of a third person was not continuing and did not cover debts subsequently created.

4.  GUARANTY—WAIVER OF FRAUD.—A bank which guaranteed payment under a contract did not waive fraud in obtaining the con-

tract of guaranty by making a payment to the guarantees of
funds of the principal debtor in its hands.

5. **BANKS AND BANKING—AUTHORITY OF BANK TO MAKE GUARANTY.**—
The authority of a bank to execute a contract of guaranty on
the ground that it was a contract for its own benefit in the
prosecution of its authorized business *held* properly submitted to
the jury.

Appeal from Conway Circuit Court; *J. T. Bullock,*
Chancellor; reversed.

*Strait & Strait,* for appellant.

1.    The appellant was entitled to a new trial because
the P. J. Lewelling Construction Company was not, in
fact, made a party defendant, by amendment of the com-
plaint, so as to set up any allegations against that com-
pany, and there was no evidence of any *bona fide* effort to
procure service on it, nor of any legal service upon it.
There was no evidence that that company was a foreign
corporation, nor any showing that the officers, agents or
representatives thereof were not located in this State.
The attempted oral proof of service on the Auditor was
not legal proof of such service. 4 Ark. 570; 28 Ark. 7.

2.    The appellant, as a banking corporation, was
not authorized to exercise the privileges of a surety com-
pany.    It could not, by an instrument of the character
sued on, guarantee the payment of another person's
indebtedness, and the attempt of its president to bind the
bank by the execution of the instrument in suit was *ultra
vires,* and void.    96 Ark. 594; 95 Ark. 368.

3.    By the instrument sued on there was no guaranty
of any payment except the account *due* Skipper, Tucker
& Co., referring to the then existing indebtedness, and
not to any indebtedness arising in the future. 12 Minn.
279; 17 Wis. 181; 75 N. Y. Supp. 563; 4 S. E. 925; 18 N.
Y. Supp. 412; 6 Abb. N. C. 206; 19 N. J. Law, 340; 54
Conn. 310.

*Edw. Gordon* and *Calvin Sellers,* for appellees.

1.    There was sufficient proof of the corporate exist-
ence of the Lewelling Construction Company, and that it
was a foreign corporation. The oral proof of the service

of the summons was sufficient to show that service was had on the Auditor of State.

2.   Appellant was authorized to sign the guaranty sued on. The consideration therefor was the surrender to the bank of certain moneys or checks in the hands of N. B. Skipper to the bank.   Appellant is estopped to plead *ultra vires.*  74 Ark. 377; *Id.* 190; 77 Ark. 109; 96 Ark. 594; 91 Ark. 367; 86 Ark. 287; 96 Ark. 308.

McCULLOCH, C. J. Appellees, Skipper, Tucker & Company, a copartnership, instituted this action against appellant to recover on a contract between the parties whereby appellant undertook to guarantee the payment of an account due to appellees by the Lewelling Construction Company. The contract is as follows:

"Morrilton, Arkansas, April 23, 1921.   The undersigned, Bank of Morrilton, in consideration of the sum of $1 in hand paid, agrees to and does hereby guarantee the payment of the account due Skipper, Tucker & Co. by the Lewelling Construction Company.

"BANK OF MORRILTON,

"By Loid Rainwater, President."

It is alleged in the complaint that, at the time of the execution of this contract, the Lewelling Construction Company owed appellees on account the sum of $4,821; that this amount was increased by later purchases on account, which ran the aggregate up to $5,505.10, and that a payment had been made thereon reducing the account to the sum of $2,005.10, for which recovery was prayed.

The contention of appellees was that the guaranty was a continuing one, covering subsequent purchases by the Lewelling Construction Company, and that they are entitled to recover the full balance due on account, including subsequent purchases.

The contention of appellant is that the contract is not a continuing guaranty, but merely covers the amount of the account owing to appellees at the time of the execution of the contract.

Appellant defends on the ground that appellees represented to appellant, at the time of the execution of the

contract, that the amount of the account was $2,500, and that the construction company had enough coming to it from certain road districts to cover the indebtedness due by the construction company both to appellant and to appellees. Appellant also claimed that there was a misrepresentation concerning the amount due by the road districts to the Lewelling Construction Company as retained percentage, and that these fraudulent misrepresentations induced appellant to enter into the contract.

There was a judgment below in favor of appellees for the sum of $2,005.10, and an appeal has been duly prosecuted.

The facts developed on the trial were that, at the time of the transactions under consideration between appellant and appellees, the Lewelling Construction Company had about completed a contract with a certain road improvement district in Conway County. The construction company had been dealing with appellees, purchasing supplies from them, and had also received large advances in money from appellant bank. Appellant had secured from the construction company an assignment of all amounts due from the road district, and had applied to the district for payment, but the voucher had not been issued—there appears to have been some unreasonable delay in the issuance of the voucher. One of the members of appellee firm was secretary and treasurer of the road improvement district, and, in order to secure the help of appellees in getting the voucher for the retained percentage turned over to appellant, the latter executed the contract of guaranty in the suit. The check, or voucher, was for $13,500, and, as soon as it was delivered to appellant bank, another creditor of the Lewelling Construction Company—one Horn, by name—sued the construction company and caused a writ of garnishment to be served on the bank to reach this fund, claiming that it belonged to the construction company. In this situation, appellant bank paid over to appellees the sum of $3,500, and appellees executed to appellant the following agreement in writing:

"7/6/21.  In consideration of $3,500 paid on account of Skipper, Tucker & Co. versus Lewelling Construction Co., we hereby agree to wait until garnishment is released before taking any legal action for balance held by Bank of Morrilton due us.

"SKIPPER, TUCKER & CO.

"By N. B. Skipper."

This amount was released from the garnishment by agreement between the bank as garnishee and the other parties to that suit.

Appellant introduced testimony tending to show that members of appellee firm, at the time of the execution of the contract of guaranty, represented to appellant that the debt of the construction company to appellees was not over $2,000 or $2,500.  Appellant also introduced testimony to the effect that appellees represented to appellant that the amount due from the road improvement district to the construction company as retained percentage was about $17,000.

The testimony was sufficient to warrant the submission to the jury of the issues concerning these alleged misrepresentations, and the question whether the misrepresentations, if made, constituted the inducing cause for appellant entering into the contract.  The evidence was conflicting on these issues.

Appellant filed a motion to require appellees, as plaintiffs, to make the Lewelling Construction Company a party to the suit.  The court sustained the motion, and ordered appellees to make the construction company a defendant, and the cause was postponed until the next term of court to await service of process on the construction company.  No formal complaint against the construction company was filed, however, but service was issued, and, during the progress of the trial, proof was introduced to show that a return had been made by the sheriff of Pulaski County, showing service on the construction company as a foreign corporation not having an agent in the State, the service having been made on the

Auditor of State. Appellant raised the question, during the progress of the trial, that the construction company had not properly been brought in, and appellant's counsel insist now that there should be a reversal of the judgment for the reason that there is no proof that the construction company is a corporation, either domestic or foreign, and that the proof was not sufficient to show that there was proper service of summons. Appellees introduced proof tending to show by the general reputation of the construction company that it was a corporation.

We deem it unnecessary to discuss in detail the question debated as.to whether or not the construction company was a corporation and had properly been served, for we are of the opinion that it was unnecessary for appellees to make the construction company a party to the suit, and that appellant was not prejudiced by failure to do so.

It was the duty of the court to interpret the contract according to its language, if clear and unambiguous, and it is obvious, from a consideration of the language of the contract, that it was an absolute guaranty of the payment of the debt, and not conditional. Such being the case, the contract was an original undertaking to pay the debt, and liability of the guarantor immediately matured upon the failure of the principal debtor to pay, and it is not essential that, before the obligee is entitled to sue the guarantor, suit be commenced against the principal debtor and the claim reduced to judgment. *Friend* v. *Smith Gin Co.,* 59 Ark. 86.

Errors are assigned with respect to the court's charge to the jury. Exceptions were separately saved to the following instructions given by the court, over the objections of appellant:

"4. You are further instructed that the written guaranty signed by the Bank of Morrilton would not make defendant, Bank of Morrilton, liable for any indebtedness due to plaintiff, Skipper, Tucker & Company, by the Lewelling Construction Company, created

subsequent to the date of said written guaranty, unless you find that, by the agreement entered into between the parties at the time of the payment of the $3,500, was an admission of the indebtedness of the balance of the account by said Lewelling Construction Company to plaintiff up to that date, and if from the evidence you find this to be true, then the court instructs you that defendant, Bank of Morrilton, is liable to plaintiff for whatever sum was due and unpaid at the time the $3,500 was paid, and if you find this to be true, and find further that the garnishment pending between the P. J. Lewelling Construction Company and W. C. Horn has been released, then your verdict should be for the plaintiff for whatever balance remains due at the time of the date of the payment of said $3,500 as shown by the testimony, together with 6 per cent. interest from the date of filing suit.

"5. You are instructed that, although you may find or believe the Bank of Morrilton obligated itself to pay the indebtedness of plaintiff, and, under ordinary conditions, would be liable therefor, still if you further find that plaintiff, through its representatives, represented to the defendant, Bank of Morrilton, that the indebtedness of the P. J. Lewelling Construction Company which it was to assume was less than it actually was, and that the Bank of Morrilton, through its officers, relying upon this statement, was induced to sign any agreement to pay such indebtedness, then such representations would constitute a fraud in law upon the bank, which would annul the contract and release the bank from liability, and if you find this to be true, then your verdict should be for the defendant, unless you find the defendant bank waived this defense.

"6. You are further instructed that if you find, or believe, from the testimony in this case, N. B. Skipper represented to the defendant's officers that the retained percentage due the P. J. Lewelling Construction Company from Road District No. 4 was sufficient to pay the indebtedness of the bank, and the plaintiff, Skipper,

Tucker & Company, and' the defendant relied upon this statement and believed same to be true, and, so believing, was induced to or did sign an agreement assuming the liability of the P. J. Lewelling Construction Company to Skipper, Tucker & Company, and was induced to sign same by such representations, when in fact said retained percentage was not sufficient, then such representations would in law constitute a fraud, and defendant would not be liable upon its agreement, and, if you find this to be true, your verdict should be for the defendant, unless defendant has waived this defense.''

,We are of the opinion that each of these instructions was erroneous. Instruction No. 4 was correct in stating that the contract only rendered appellant liable for indebtedness due or owing to appellees by the Lewelling Construction Company at the date of the execution of the contract, and not for any debt subsequently created, but the instruction is erroneous in stating that the pay- ment of the sum of $3,500 on the debt rendered appellant liable ''for whatever sum was due and unpaid at the time the $3,500 was paid.'' The payment of the sum of $3,500, or any other sum, had nothing to do with fixing the extent of appellant's liability; that was fixed by the contract itself, which was only an undertaking to pay the amount due to appellees by the construction company at the time of the execution of the contract of guaranty. The receipt, or contract, executed by appellees at the time of the payment of this sum of $3,500 created an obli- gation on the part of appellees not to sue for any balance until the garnishment was released. This instrument imposed no additional liability on appellant, nor is there any testimony tending to show that appellant, in the pay- ment of the sum of $3,500, assumed any additional obli- gation other than that expressed in the original contract.

Instructions Nos. 5 and 6 were both erroneous in sub- mitting to the jury the question whether or not appel- lant waived the defenses of misrepresentation recited in those instructions. There is no evidence of any such

waiver. The payment of the $3,500 out of the funds received from the Lewelling Construction Company did not of itself constitute a waiver, and there is nothing in the receipt, or contract, executed by appellees, the acceptance of which by appellant would imply a waiver of the defense of misrepresentation.

We are of the opinion that, upon the proof made in the case, the court should have submitted to the jury the issues concerning the misrepresentation, both with respect to the amount of the account of the construction company to appellees and as to the amount of the retained percentage due from the road improvement district to the construction company, without any submission of the question of waiver of those defenses.

The court properly submitted to the jury the question of the authority of appellant, as a banking institution, to execute the contract of guaranty, on the ground that it was a contract for its own benefit in the prosecution of its authorized business. There was no error in that regard.

But for the errors indicated in giving instructions Nos. 4, 5 and 6, the judgment will be reversed, and the cause remanded for a new trial. It is so ordered.