## Mayhue *v.* Matthews.

### Opinion delivered May 16, 1927.

1. Fraud—sufficiency of evidence.—Evidence *held* to justify submission of the issue of fraud in the sale of oats.

2. Principal and agent—fraud of agent of disclosed principal.— Though an agent disclosed his principal, he will be liable for fraudulent misrepresentations in the sale of oats.

3. Venue—transitory action—several defendants.—In an action against principals and agent for alleged fraudulent representations, where service was obtained on the agent in one county, the principals were properly joined and sued in the same county though they were served with process in another county.

Appeal from Lincoln Circuit Court; *T. G. Parham,* Judge; affirmed.

*Reinberger & Reinberger,* for appellant.

*A. J. Johnson,* for appellee.

Smith, J. Appellee brought suit in the court of a justice of the peace in Lincoln County against M. and Dan Silbernagel, who were partners doing business as Silbernagel & Company, and against Ambrose Mayhue, their traveling salesman, to recover the sum paid Silbernagel & Company for fifty sacks of oats. Service of summons was had on Mayhue in Lincoln County, but the members of the firm of Silbernagel & Company were served with process in Jefferson County, in which county they reside and have their place of business.

The Silbernagels filed a motion to quash the service on the ground that they lived in and were served with

process in Jefferson County, commanding them to appear and answer a cause of action pending in another county. This motion was overruled, and judgment was rendered by the justice of the peace in plaintiff's favor, and an appeal was duly prosecuted to the circuit court, where the motion to quash was renewed and again overruled, and exceptions saved.

Testimony was offered in the circuit court by the plaintiff to the effect that he bought from Mayhue 50 sacks of white oats, whereas there was sold and delivered a lot of oats which had been bleached and which, when thus treated, were white oats, but were sold as "sulphurized bleached," that name being stamped upon the sacks containing them. The testimony was also to the effect that the oats were dark and moldy, and that the stock would not eat them. It was admitted by plaintiff, however, that he knew, when he bought the oats, that Mayhue was merely the agent and was acting for Silbernagel & Company, his principals.

Upon this testimony being offered, the motion to quash the service upon the ground that plaintiff had contracted with an agent whose principal was disclosed, and the agent was therefore not liable for the damages sued for and was not a proper party thereto, and this being the case there was no authority to maintain the suit against the Silbernagels, who were served in an adjoining county. The motion to quash was again overruled.

The case was submitted to the jury under instructions which required a finding, before returning a verdict for the plaintiff, that Mayhue had intentionally misrepresented to plaintiff the kind and quality of oats sold and that Matthews had relied upon these false representations.

The testimony was sufficient to warrant the submission of this issue, and the verdict returned in plaintiff's favor reflects the essential finding that Mayhue had fraudulently procured the contract of sale, and, this being true, he was liable, although he had acted only as

agent and had disclosed the name of his principal. *Cleveland* v. *Biggers,* 163 Ark. 377, 260 S. W. 432.

Mayhue was properly sued and served with process in Lincoln County, and, this being true, the right existed to sue the Silbernagels there also, although they were served with process in another county. *Hoyt* v. *Ross,* 144 Ark. 473, 222 S. W. 705.

Under the allegations of the complaint, plaintiff was entitled to judgment against both the agent and his principals, and the testimony sufficiently supports these allegations to sustain the verdict of the jury.

The testimony on behalf of plaintiff tends to show that the oats delivered were not the oats purchased, and were valueless, as the stock would not eat them, and there was an offer to return them as soon as their character was discovered, which was within a few days after their delivery, and that this offer was declined.

There appears to be no error, so the judgment is affirmed.