GLYNN FULLER v. THE STATE.

No. 11310.   Delivered February 8, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully carrying a pistol; the punishment was assessed at a fine of one hundred dollars.

The state's testimony showed that appellant carried a pistol in his automobile. Appellant's testimony showed that he was carrying the pistol for the purpose of trying to sell it to a party with whom he was negotiating.

Appellant brings forward ten bills of exception, which fail to manifest error. Most of said bills were taken for the purpose of reserving exceptions to testimony admitted over appellant's objection. Said bills are not supported by sufficient facts to apprise this court of the prejudicial nature of the testimony complained of. For example, bill of exception Number 1, reads as follows:

"BE IT REMEMBERED that upon the trial of the above styled and numbered cause the Court permitted the State to prove by its witnesses, Carl Busch over defendant's objection the following:

" 'I saw the defendant there. I came upon him back of an empty house, the first house the other side of Joe Allen's Store going up the hill.'

"But the Court overruled defendant's objection to said testimony, to which action of the Court the defendant then and there in open Court excepted for the reason that said testimony was wholly immaterial in that the defendant was on trial for unlawfully carrying a pistol and for the further reason that said testimony was highly prejudicial to the rights of this defendant, in that it was an attempt upon the part of the State to inject into the evidence of the case that defendant was at the back of an empty house, which was the house that burned that night, and defendant here now tenders this, his Bill of Exception No. 1, and asks that the same be signed, approved and filed as a part of the law in this cause, which is accordingly done this 20 day of August A. D. 1927."

It would manifestly be impossible for use to determine from the foregoing bill whether the testimony therein set forth was material or relevant to any issue in the case. There being no facts stated in the bill which would affirmatively show that the testimony was not relevant and material, we must indulge the legal presumption that the ruling of the trial court in admitting the testimony was correct. Buchanan v. State, 298 S. W. 569.

The evidence being sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the motion for rehearing leaves us of the opinion that there is no matter presented for review which would authorize a reversal of the judgment.

The motion for rehearing is overruled.

*Overruled.*