METZGER v. MANN.

Opinion delivered February 2, 1931.

*R. W. Robins,* for petitioner.

*Donham & Fulk,* for respondent.

HART, C. J. J. A. Metzger filed in this court an application for a writ of prohibition against Richard M. Mann, Judge of the Second Division of the Circuit Court of Pulaski County, Arkansas, to prohibit said circuit court from assuming jurisdiction in a suit brought against the petitioner by the People's Trust Company.

The record shows that the People's Trust Company brought suit in said circuit court against Walter M. Terry, Teresa Terry, and John A. Metzger to recover $3,000 and the accrued interest thereon, alleged to be due on a promissory note dated April 2, 1930, and due ninety days after date. The suit was filed, and summons issued on September 27, 1930. The summons was issued to the sheriff of Faulkner County, commanding him to summons Walter M. Terry, Teresa Terry, and John A. Metzger, to answer a complaint filed against them in said circuit court by People's Trust Company. On the 27th day of September, 1930, Walter M. Terry and Teresa Terry filed in said circuit court a waiver of summons and general entry of their appearance in said action. On the 10th day of October, 1930, John A. Metzger appeared for the purpose of filing a motion to quash service of summons against him. In said motion he alleged that Walter M. Terry and Teresa Terry are and have been for more than one year residents of the State of Oklahoma, and that neither one of them has been in the State of Arkansas at any time during the past year. He alleged further that neither of said defendants were in Pulaski County, Arkansas, at the date of the institution of the suit, and that they have not been here at any time since. The motion to quash service was duly verified by John A. Metzger. The circuit court overruled said motion, and J. A. Metzger saved his exceptions thereto.

Richard M. Mann, as judge of the Second Division of the Circuit Court of Pulaski County, Arkansas, entered his appearance to the application of said John A. Metz-

ger for a writ of prohibition herein. According to the allegations of the complaint in the circuit court, both the Terrys and John A. Metzger were jointly liable on the promissory note sued on, and the action was a transitory one. Under § 1178 of Crawford & Moses' Digest, service cannot be had in a transitory action on a defendant in a county other than that of his residence except where there is service in the county where the action is instituted on a co-defendant who is jointly liable. *Lingo* v. *Swicord*, 150 Ark. 384, 234 S. W. 264.

Under the section of the Digest above referred to, actions of this sort may be brought in any county in which the defendant or one of several defendants resides or is summoned. Under the plain terms of the statute, Metzger, who, the record shows, is a resident of Faulkner County, could not be sued on the promissory note in question in Pulaski County unless the record also shows that Walter M. Terry and Teresa Terry resided or were summoned in Pulaski County. The record not only does not contain an affirmative showing that Walter M. Terry or Teresa Terry resided or were summoned in Pulaski County, but it contains a distinct averment that they were residents of the State of Oklahoma at the time of the institution of the suit, and that they were not in Arkansas at the time they entered their appearance to the action, and have not been in the State of Arkansas for more than one year last past. The right of Metzger to be sued in his own county is given by statute, and cannot be taken away except by bringing him within one of the exceptions to the statute. The fact that the Terrys may have entered their general appearance to the action and submitted themselves to the jurisdiction of the court would not affect the right of Metzger to assert his right under the statute. *Chamberlain* v. *Carroll* (Tex.), 59 S. W. 624; *Lasater* v. *Waits*, 95 Tex. 553, 68 S. W. 498; and *Jacobson* v. *Hosmer*, 76 Mich. 234, 42 N. W. 1110.

The right of a defendant to be sued in the county of his residence in the absence of statutory exceptions has

been recognized by this court. *Wernimont* v. *State,* 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913D, 1156; *Seelbinder* v. *Witherspoon,* 124 Ark. 331, 187 S. W. 325; *Hoyt* v. *Ross,* 144 Ark. 473, 222 S. W. 705; *Lingo* v. *Swicord,* 150 Ark. 384, 234 S. W. 264.

But, it is insisted that, even if the construction we have placed upon the statute is correct, a writ of prohibition would not lie, but that appeal is the proper remedy. We do not agree with this contention. It is true that this court has held that a writ of prohibition should not be granted unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection against the wrong that shall be done him by such usurpation. It is also well settled that where no adequate remedy can be had in the court where the original suit is pending and the record in the case shows that the court is about to exercise judicial power over persons who have never been served with process and over whom no service of process can be legally had, prohibition is the proper remedy. *Order of Railway Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 148; and *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. (2d) 121.

Tested by this rule, it will be seen that the record shows that the Terrys were not residents of the State of Arkansas and were not summoned in Pulaski County, Arkansas, in the case in the circuit court. Metzger was a resident of Faulkner County, and no legal service could be had on him because he absolutely refused to enter his appearance to the action, and neither of his co-defendants resided in Pulaski County where the action was instituted nor were they summoned in that county. Metzger, under these circumstances, did not have an adequate remedy at law. If he had appealed to this court from a judgment of the circuit court refusing to quash the summons against him, according to the rule of practice established in this court from the beginning, he must, upon a remand of the case to the circuit court, be considered as having entered his general appearance to the action in like man-

ner as if he had been duly and legally served with process to appear at the term in which the case is returned. *Gilbreath* v. *Kuykendall,* 1 Ark. 50; *Murphy* v. *Williams,* 1 Ark. 376; *Beal-Doyle Dry Goods Company* v. *Odd Fellows Building Company,* 109 Ark. 77, 158 S. W. 955; and *Order of Railway Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 448.

It is true that the waiver of the service of summons by the Terrys and their general entry of appearance to the action in the Pulaski Circuit Court gave the court jurisdiction over them, but this did not preclude Metzger, their codefendant, from asserting his right to be sued in the county of his residence, in the absence of statutory exceptions. *Devereaux* v. *Rowe* (Tex. Civ. App.) 293 S. W. 217.

It follows from the view we have expressed that Metzger had no adequate remedy, and that the writ of prohibition should be granted. It is so ordered.