WASSON v. AMERICAN CAN COMPANY.

4-3471

Opinion delivered June 4, 1934.

*J. H. Black,* for appellant.

*S. W. Woods,* for appellee.

HUMPHREYS, J. This was a suit brought by appellee against appellant on two acceptances or drafts with bills of lading attached, drawn by appellee on W. H. Burford for cans shipped by appellee to him for the purpose of canning tomatoes, etc., the payments of which acceptances were guaranteed in ninety days by "Citizens' Bank" and "The Citizens' Bank," in Marion County, which failed before the payment of the drafts and which were taken over by the appellant for the purpose of being liquidated as insolvent concerns.

The record reflects that the cans were shipped by appellee to W. H. Burford and delivered to him upon guarantees of said banks executed on the 26th day of July, 1930, and the 1st day of December, 1930, respectively, through their officers at the time they were going concerns; that the custom had been for the banks to accommodate their customers by guaranteeing the payment for the cans so they could get and fill them and sell same to the trade in time to take up the drafts or acceptances before they became due, and to enable them, as well, to pay the banks a part, or all, of what they might owe them when they disposed of the tomatoes and other canned products; that Burford was a regular customer of the banks and owed them about $3,000 when the guarantees were made; that the officers of the banks guaranteed payment of the acceptances or drafts, without any written authority from the boards of directors of said banks, but that the boards of directors had turned the business of the banks over to the presidents and the cashiers and knew said officers were hypothecating and pledging the credit of the banks by guaranteeing the payments for the cans and had been conducting the business in this manner for several years.

The trial court rendered a judgment against appellant for the amount of the drafts or acceptances, from which is this appeal.

Appellant contends for a reversal of the judgment on the ground that since the passage of the amending statute of act 252 of the Acts of 1931, to act 113 of the Acts of 1913, that the officers of the banks were without authority to hypothecate the credit of the banks by guaranteeing the payment of said drafts. Under act 113 of the Acts of 1913, this court ruled in the case of *Bank of Morrilton* v. *Skipper, Tucker & Co.*, 165 Ark. 49, 263 S. W. 54, that the bank had authority to guarantee payment of a debt or to make a contract of guaranty, where same was made in connection with its own business or for its own protection or benefit. This ruling was confirmed in the case of *Citizens' Bank of Booneville* v. *Clements*, 172 Ark. 1023, 291 S. W. 439.

The court found in the instant case that the guaranties were for the benefit of the banks. The evidence detailed above was sufficient to support the finding. The amendatory statute has no application in the instant case because it was not passed until after the guaranties were made.

No error appearing, the judgment is affirmed.