MERCHANTS & PLANTERS BANK & TRUST COMPANY *v.* DEATON, GUARDIAN.

4-5974 141 S. W. 2d 543

Opinion delivered May 27, 1940.

*McMillan & McMillan* and *Ector R. Johnson,* for appellant.

*Terrell Marshall,* for appellee.

MEHAFFY, J. On July 22, 1935, J. W. Thompson was appointed guardian of the persons and estates of James Deaton, Edward Deaton, Patricia Deaton, and Peggy Deaton, minors, and the said Thompson, on said date, executed a bond in the sum of $3,000 upon which Merchants & Planters Bank & Trust Company was surety, and later, on April 17, 1937, the said J. W. Thompson executed another bond in the sum of $3,000 with the United States Fidelity & Guaranty Company as surety.

This action was instituted in the Pulaski circuit court by Mrs. Arlege Deaton, guardian in succession of the above mentioned minors, against the United States Fidelity & Guaranty Company, Merchants & Planters Bank & Trust Company and J. W. Thompson. The appellee prayed judgment against each of the defendants for the sum of $2,558.90 with interest. Copies of the bonds were filed with the complaint.

About July 22, 1935, J. W. Thompson filed a petition asking that he be appointed guardian of the estate and persons of the minors above named. He was thereupon appointed guardian.

It is alleged in the complaint that no order has ever been made by the Clark county probate court releasing

or discharging the principal or surety of either of said bonds. The guardian was appointed by the Clark probate court. After qualifying as guardian of said minors. the said J. W. Thompson took charge of all property belonging to them, receiving and paying out various amounts, and filed his final report September 29, 1938. On October 11, 1938, the Clark probate court, on petition of Mrs. Arlege Deaton, made an order removing J. W. Thompson as guardian and appointing Mrs. Arlege Deaton as guardian in succession, and ordered the issuance to her of letters of guardianship upon her making bonds in the sum of $5,000. On the same day she filed the bond and the same was approved by the probate court and letters issued. Mrs. Deaton, as guardian of said minors, filed exceptions to the final report of J. W. Thompson, and on December 6, 1938, the Clark probate court, on hearing of said exceptions, made an order correcting and restating the account of J. W. Thompson, and ordering and directing said Thompson to pay over to Mrs. Deaton, as guardian in succession, the sum of $2,540 with interest; that the time provided by the order for the payment by Thompson had expired.

Summons was served on the United States Fidelity & Guaranty Company in Pulaski county, Arkansas, and on J. W. Thompson and the Merchants & Planters Bank & Trust Company in Clark county, Arkansas.

The United States Fidelity & Guaranty Company filed a demurrer to the complaint.

The appellant, Merchants & Planters Bank & Trust Company, appearing for that purpose only, filed its motion to quash service. The court overruled the motion, and the appellant then filed a motion to dismiss, alleging that it was a corporation organized under the laws of Arkansas with its principal place of business in Clark county, Arkansas; that the complaint does not state facts sufficient to constitute a cause of action against it. It also stated in its motion to dismiss that it was empowered to engage only in a general banking business and is prohibited from becoming surety upon a bond. The court overruled appellant's motion to dismiss.

The appellant thereupon filed its separate answer, denying the allegations of the complaint and alleging that it was a banking corporation and expressly prohibited from doing any other kind of business or lending its credit or becoming surety, indorser or guarantor for another; that it did not have power to sign the bond; that the execution of the bond was *ultra vires* and beyond the power and authority of appellant, and said bond is void; that the suit is prematurely brought; that the amount due the appellee from J. W. Thompson, if any, had not been determined, and that appellee has no cause of action against the appellant.

Thereafter the United States Fidelity & Guaranty Company filed separate answer.

The plaintiff filed reply to answer of defendant, Merchants & Planters Bank & Trust Company.

On October 3, 1939, the appellee filed an amendment to the complaint, changing the amount sued for to $2,382.11 with interest.

The case was tried before a jury, and a verdict returned under the instruction of the court against J. W. Thompson in the sum of $2,382.11 with 6 per cent. interest from December 6, 1938. The jury also returned a verdict against the defendant, United States Fidelity & Guaranty Company in the same amount, and also returned a verdict against the Merchants & Planters Bank & Trust Company for the same amount and interest, and judgment was entered accordingly. Motion for new trial was filed and overruled, and the case is here on appeal.

No appeal was taken by either Thompson or the United States Fidelity & Guaranty Company.

Appellant first says that its contentions are as follows:

"First. That the plaintiff had no right to institute a suit in the Pulaski circuit court and have service of process served upon it in Clark county, and that the

court below should have granted the motion to quash service of summons as to it.

"Second: That it had no right and power to execute said bond; that its Board of Directors had not authorized the execution of said bond; that the execution of said bond was *ultra vires;* that the law expressly prohibits a bank from going surety on a bond and that said bond was and is void and that the court below should have granted the motion to dismiss said cause as to it.

"Third: That the plaintiff failed to introduce sufficient proof to entitle her to recover against it and that the court below erred in overruling its motion for a directed verdict at the close of plaintiff's case.

"Fourth: That the court below erred in refusing to permit it to introduce in evidence a certified copy of the order of Clark probate court substituting bond executed by J. W. Thompson, as principal, and United States Fidelity & Guaranty Company, as surety, in place and stead of the bond executed by J. W. Thompson, as principal, and it, as surety.

"Fifth: That the court below erred in refusing to give to the jury instruction No. 1 requested by it, which directed a verdict in favor of said bank.

"Sixth: That the court below erred in a number of ways as is specifically set out in the motion for a new trial and that, as a matter of law, justice and right, said cause as against it should be reversed and dismissed."

In support of its contention, appellant cites and relies on *Lingo* v. *Swicord,* 150 Ark. 384, 234 S. W. 264, and also the case of *Hoyt* v. *Ross,* 144 Ark. 473, 222 S. W. 705. These cases hold that in order to get service in another county than that in which the suit is pending, the person summoned in the other county must be jointly liable with the person served in the county where the suit is pending. In the first case referred to the court said: "Under the statutes of this state, service cannot, in a transitory action, be had on a defendant in a county other than that of his residence, except where there is a co-defendant who is jointly liable."

In the cases referred to, there was no joint liability and it was not claimed that there was any joint liability. In the first case, the court stated: ''According to the allegations of the complaint there was no liability at all on the part of appellant, Lingo.''

In the instant case all the parties were jointly liable for the shortage of Thompson. The two surety companies had executed bonds and the purpose of each bond was the same, and the sureties and Thompson were jointly liable for the entire amount. Therefore, the service on the appellant in Clark county was good service, and the court did not err in its refusal to quash the service.

It is next contended by appellant that, being a banking institution, it had no right or power to execute said bond. The evidence in this case shows that this bond, by the appellant, was executed for the benefit of the bank. J. W. Thompson was cashier of said bank from 1935 until May, 1936. Thompson did not want to become guardian, but the officers of the bank talked about Thompson being appointed, and it was suggested that the guardianship would be worth something to the bank. It was stated by the officers that it was a good account and might amount to something good for the bank later on.

This court has repeatedly held that a bank could be bound by a contract of guaranty made for its own benefit in the prosecution of its authorized business. *Bank of Morrilton* v. *Skipper, Tucker & Company*, 165 Ark. 49, 263 S. W. 54; *Citizens Bank of Booneville* v. *Clements*, 172 Ark. 1023, 291 S. W. 439; *Wasson* v. *Amer. Can Co.*, 189 Ark. 354, 72 S. W. 2d 241.

The question of whether the bond was for the bank's benefit was submitted to the jury under proper instructions, and the jury found against the contention of the appellant.

Theo Carson, a witness on behalf of the appellant, testified that he is assistant Bank Commissioner; that the office of Bank Commissioner has copies of articles

of agreement and incorporation of all banks, including the Merchants & Planters Bank & Trust Company; that said original articles of agreement and incorporation were amended December 1, 1919, so as to give it the authority to guarantee the fidelity and diligent performance of their duty of persons holding places of public or private trust, and to certify and guarantee title to real estate.

It, therefore, appears from the evidence that the bank was authorized by its charter to make this bond. There was ample evidence to sustain the verdict and judgment of the court against the appellant. The court did not err in its refusal to direct the verdict in favor of appellant.

The probate court of Clark county had no power to make an order substituting one bond for the other and relieving the former surety from liability. Whatever shortage had occurred, if any, up to the time of the making of the second bond, the surety on the first bond was liable for, and the probate court had no power to relieve them if it attempted to do so.

The court did not err in its refusal to permit appellant to introduce in evidence a copy of the order of Clark probate court substituting the last bond for the one by appellant.

It is argued by appellant that this suit is not one by the minors against the Merchants & Planters Bank & Trust Company, because the minors are certain to recover the full amount due them from the United States Fidelity & Guaranty Company in event Merchants & Planters Bank & Trust Company is not liable. It may be true that the minors would not lose a penny, but they are entitled to judgment against all persons liable, including the appellant, although they would, of course, be entitled to only one satisfaction.

The questions of fact were submitted to the jury under proper instructions, and we find no errors in

the ruling of the court. The judgment is, therefore, affirmed.

On rehearing the chief justice was of the opinion that the judgment should be reversed.