BROOKS *v.* SMITH.

4-8847                                   220 S. W. 2d 801

Opinion delivered May 30, 1949.

*Kenneth C. Coffelt,* for appellants.

*Ben M. McCray* and *Ernest Briner,* for appellees.

GEORGE ROSE SMITH, J. This suit was begun by the appellants, assignees of a contract for the purchase of land, to obtain rescission and damages upon the ground that their participation in the contract was induced by fraud. By cross complaint the appellees asserted that appellants were delinquent in their payments and asked foreclosure of their equitable lien. The chancellor found no merit in the allegations of fraud and accordingly ordered foreclosure. This appeal followed.

Appellant John J. Brooks is the third recently discharged war veteran who has attempted to make a success at farming this land. In 1945 appellees John W. and Mildred Smith listed the property for sale with Burton Real Estate Agency. The listing described 225 acres and recited that there was about $2,000 worth of timber on the land. The property as listed comprised a farm complete with various farm implements, cattle, etc. Burton negotiated a contract with Vernon and Paula Luke, by which the Lukes agreed to purchase the farm for $11,000, of which $2,500 was paid in cash. The contract describes 225 acres but makes no mention of the timber, although it is not disputed that while showing the property Burton informed the prospective purchasers that it included $2,000 worth of timber.

After living on the land for a few months the Lukes employed Burton to sell their equity in the farm. Bur-

ton succeeded in making a sale to W. E. Frizzell, who paid the Lukes for their interest and took an assignment of the contract with appellees. Frizzell in turn became dissatisfied with farm life after a few months and employed Burton to find another purchaser. Burton showed the property to appellants and eventually closed an agreement by which they paid Frizzell $4,500 for his equity and assumed the purchaser's obligations under the original contract. They now seek cancellation and recovery of the payments made.

There are two material allegations of fraud. First, it is established by undisputed proof that appellees have title to only about 212 of the 225 acres, more or less, described in the contract. The discrepancy is attributable to the inclusion in the contract of a twelve-acre tract previously sold by the appellees. We do not think that this shortage in acreage, arising by mistake rather than intentional fraud, is sufficient to require rescission, but appellants are clearly entitled to an abatement of the purchase price to compensate for this deficiency. *Fitzhugh v. Davis,* 46 Ark. 337. Appellants have not asked for this specific relief, but the appellees obtained reformation on the basis of mistake and will be compelled to do equity upon their part. It is shown that the land is worth about $40 an acre; so the appellants must be credited with $480 upon their obligation to offset the deficiency in acreage. To this extent we modify the chancellor's decree.

Second, appellants insist that Burton assured them that the property included merchantable timber worth from $2,500 to $3,000, when in fact the timber was worth not more than $1,497 according to the most liberal estimate given by the appellees' own witnesses. Even so, this does not entitle appellants to a rescission. Whatever representation may have been made as to the value of this timber was made by Burton, who was then acting for and being paid by Frizzell. The appellees had knowledge of the assignment, as the original contract required their approval of any assignment of the purchaser's interest, and in this instance they exacted a payment of $1,000 on the principal debt before giving their consent

to the transfer. But Burton was not acting for the appellees in the Frizzell-Brooks transaction; so Burton's asserted misrepresentations give appellants no cause of action against appellees.

Burton is also an appellee, and appellants urge that he is liable for the false representations concerning the acreage and timber. As to the acreage, appellants will be fully compensated by the abatement of purchase price already allowed. As to the timber, appellants testified that Burton fixed the value at from $2,500 to $3,000, but the testimony for Burton is that he mentioned only $2,000 worth of timber. Fraud must be clearly proved, and the chancellor evidently accepted Burton's version of the matter. Since the timber is worth less than $1,500, the real question is that of Burton's liability for representing it to have been worth $2,000. We need not determine whether this statement of value was made in circumstances justifying reliance thereon by the appellants, for in any event Burton is not liable. Of course an agent may be held responsible for making a statement which he has reason to know to be fraudulent. *Mayhue v. Matthews,* 174 Ark. 24, 294 S.W. 364. But here such knowledge has not been brought home to Burton. Appellees stated in their original listing that the timber was worth about $2,000, and it is inferable that the Lukes and Frizzell authorized the same representation. Burton did not even know exactly where the land lines were and has not been shown to have had any independent knowledge of the timber's value. Hence he was only repeating in good faith a statement authorized by his principal, Frizzell, and cannot be held liable for its falsity. Mechem on Agency (2nd Ed.), § 1458; Rest., Agency, § 348.

Appellants question the remedy of foreclosure, but it is well settled by our decisions that the relation of vendor and purchaser is in substance that of mortgagor and mortgagee, entitling the seller to foreclose his equitable lien. *Manwaring v. Farmers' Bank of Commerce,* 139 Ark. 218, 213 S.W. 407. We accordingly remand the cause so that the foreclosure sale may be held. By petition in this court appellants state that since the entry of the decree appellees have sold part of the timber and

should be punished for contempt of court. This is a matter which may more appropriately be considered by the chancellor than by us. The decree restored appellees to possession of the property, and the chancellor should treat them as mortgagees in possession. He may require an accounting for the fair value of any timber sold, regardless of the price actually received, or, if the rights of innocent purchasers have not intervened, may in his discretion cancel the sale. Appellants also allege an error in the calculation of interest, which the appellees admit. We have not been furnished with the correct figures, however, and so leave this adjustment to the chancellor.

Modified and remanded.